CHARLES JONES, Defendant in Error, *v.* GEORGE W. MOORE and BENJAMIN F. HICKMAN, Plaintiffs in Error.

1. *Practice — Defenses and counter claims, how distinguished.*—A counter claim, as understood in the act relating to practice in civil cases (Gen. Stat. 1865, chap. 165, §§ 12, 13), must be of the nature of a cause of action at law. Different defenses or counter claims may be separately stated in the same answer; but equitable matter—that is, an equity of relief—can constitute a defense only, but not properly a counter claim. If it be not a defense, it can not be joined in the same suit with a cause of action at law.

2. *Practice — Counter claim; what cause of action not.*—A cause of action which wholly defeats the demand of the plaintiff cannot be a counter claim.

3. *Practice — Recoupment and set-off, what.*—A recoupment or set-off is not of the nature of a defense or plea in bar, but admits the cause of action and claims an allowance in diminution of the plaintiffs' demand, and it is not a counter claim.

4. *Practice—Trial—Matters of Law and Equity to be tried separately.*—Where a matter of equity and an action at law are separately stated in the same petition or answer, the matter of equity and the matter of law must necessarily be

27—VOL. XLII.

separately tried or heard, for the reason that there is a constitutional right of trial by jury in the one case and not in the other, and the nature of the judgment or relief given must in general be very different.

5. *Evidence—Original Deed of Trust and certified copy—Variance.*—Where notice of the sale of real estate under a deed of trust was published in a locality required by the deed, and all parties concerned in the sale had actual notice thereof, the publication was sufficient, although the certified copy of the record of the deed from the recorder's office made it appear that notice was to be published elsewhere; and the parties to the instrument must be held bound by its true reading.

## *Error to St. Louis Circuit Court.*

This was a suit brought by Jones, defendant in error, against Moore and Hickman, plaintiffs in error, upon two promissory notes for $1,500 each, payable to the order of James W. Wilson. To secure payment of the notes, Moore and Hickman executed to James M. Ming, as trustee of Wilson, a deed of trust on certain land in Franklin county. Hickman and Moore subsequently, in 1860, sold the land to Josiah Thornburgh, who assumed payment of the incumbrance. Wilson, the payee of the notes, indorsed the same to the plaintiff, Jones, who commenced suit in 1863, after the notes matured. After the commencement of the suit, Thornburgh conveyed the land to Hickman, who filed a supplemental and amended answer, alleging, among other things, that by the terms of the deed of trust, if the notes should not be paid at maturity, then the said Ming or his legal representative, or the sheriff, might sell the property or any part thereof at public vendue, to the highest bidder, at Union, in Franklin county, for cash—first giving thirty days' public notice of the time, terms, and place of the sale and of the property to be sold, by advertisement in some newspaper printed in St. Louis and Franklin county. The answer alleged that Ming had not followed the power given him by the deed of trust; that he had not advertised the sale in any newspaper printed in St. Louis; but at the instance of Jones, the owner of said notes, he caused an advertisement to be published in some newspaper printed in Franklin county, that he would, on the 28th day of November, 1861, in the town of Union, county of Franklin, proceed to sell said real estate; that on the day and place appointed said Ming exposed the same for sale in a lump, and that the same was pur-

chased by Jones for $2,700; that by collusion with Jones he had prevented the land from bringing a fair price at the sale by demanding payment of the bid in gold coin *instanter* upon striking off the property to the highest bidder; that on account of the condition of the country it was unsafe for a man to take the amount due upon the notes in coin to Union at the sale; that he had made arrangements for the coin, and had the same in bank at St. Louis, to meet the amount of the bid; that he sent an agent to bid for the property at the sale, with authority to state that the gold was in bank to meet the bid and would be forthcoming; and that Jones, the plaintiff, at the sale publicly stated and declared that gold would be required immediately upon declaring the land struck off; and that Ming, the trustee, allowed himself to be controlled by Jones; and that by these means Jones bought the land for $2,700, when it had cost $8,000 and was worth that sum or more. The answer set out substantially the same averments as the petition in Thornburgh v. Jones, 36 Mo. 515.

Plaintiff filed his replication denying most of the matter set up as a defense in defendant's answer.

At the trial the plaintiff presented the notes and rested his cause.

The defendant read in evidence a copy of the deed of trust to Ming as trustee, dated April 25, 1859, duly certified from the record of deeds in Franklin county, requiring the advertisement to be published in some newspaper published in " St. Louis Franklin county." The plaintiff, in his rebuttal, produced the original deed, which appeared to read "St. Louis *or* Franklin county," and evidence was given to show that this word " or" was in the original at the time it was written, and consequently that the recorder, in recording the deed, had committed an error.

The proof shows that the sale was made November 28, 1861, at Union, in Franklin county, and notice was published in a newspaper published or printed at Washington in said county.

Defendant then called several witnesses, who testified as to the condition of affairs caused by the rebellion, and that it would have been unsafe for persons to travel with a large amount of gold through Franklin county.

Testimony was given to show how the sale was conducted, and

that Ming, the trustee, allowed Jones to proclaim that payment of the bid in gold would be required *instanter ;* and that, when spoken to before the sale and shown a letter to give assurance that upon the bid of Hickman's agent the gold would be paid, he expressed a willingness to accept the bid, but was afraid of the plaintiff, Jones. Testimony was offered going to show that, but for the proclamation of Jones, the property would have been bid up to $4,000 or $4,500. The defendant also offered testimony to show that the value of the property was about $8,000.

Plaintiff offered testimony in rebuttal as to the condition of the country, and as to the value of the property and the conduct of the sale. He also offered in evidence a notice he had served upon defendant Hickman, offering him the property for the amount due upon the notes and that bid at the sale and the expenses.

*C. C. Whittelsey,* for plaintiffs in error.

I. At the date of the sale by the trustee, Thornburgh was the owner of the land, and as to him the deed as it was recorded showed the powers of the trustee, and he had notice only of the deed as it stood of record. As the trustee did not pursue the powers as recited in the recorded deed, the sale was void, and Thornburgh had a right to redeem the land from the purchaser after the sale, and his deed conveys the right of redemption. (Thornburgh v. Jones, 36 Mo. 514; Le Neve v. Le Neve, 2 Wh. & Tud. L. C. Eq., ed. 1852, Am. Notes, 125; 2 Am. Law Reg., N. S., October 1863, §§ 21, 22.)

II. Hickman, as a purchaser from Thornburgh, is protected as a purchaser through a purchaser without notice. (Bassett v. Nosworthy, 2 Wh. & Tud. L. C. Eq., ed. 1852, Am. Notes, p. 50.

III. The conduct of the trustee, Ming, and of the *cestui que trust* and purchaser, Jones, was oppressive, unjust, and unequitable.

*Jones,* for defendant in error.

I. The points relied on by defendants, Moore and Hickman, in this action, are, first, that the advertisement by which the land was to be sold was to be in some newspaper printed in St. Louis

Jones v. Moore et al.

and in Franklin county, and that such was the understanding of Wilson and defendants, Moore and Hickman, and that the word *and* was omitted. To overthrow this allegation, the original deed of trust is interposed and offered in evidence to the tribunal trying the case, by which it is seen that the instrument'referred to by defendants was not a true copy of the original, and that it was provided in the original deed of trust that said notice should be published in some newspaper published in St. Louis *or* Franklin county. H. R. Sweet, who drew the deed of trust, was present, and was examined by the defendants, and was their own witness, and he stated that he wrote the deed, and that he made the original deed as it is offered, with the word "or" in it, and gave as his reason for so writing it that there were times when there was no newspaper published in Franklin county, and that when there were none it might be published in St. Louis county. No objection was made to the publication of it prior to the sale.

*Glover & Shepley*, for defendant in error.

I. There is nothing saved by the record and assignment of errors upon which to ground a judgment of reversal. 1. The suit was a suit at law to recover the amount due upon three promissory notes made by said defendants to one Wilson and indorsed to plaintiff. The fact that the notes were secured by a deed of trust upon certain land out of the actions and doings of the trustee and the plaintiff in the sale of which the defendants alleged they had a defense to said notes, did not turn the case into a suit in the nature of a suit in equity. It is not in the power of the defendants to change the nature of a suit by the character of the defense. The record shows that both parties considered it a suit at law by waiving a jury. 2. If, then, the suit was a suit at law, there is here nothing preserved for the court to consider. The assignment of errors asks for a reversal only on the ground that the judgment was for the wrong party; that it should have been for defendants instead of plaintiff. There were no instructions asked — nothing upon which the court was asked to pass and declare what the law of the case was; therefore, there is nothing presented here upon which the court can pass.

II. Even if the answer presented a defense to the suit, yet the evidence in the cause effectually disposed of all the equities set up in the answer of defendants; for, 1. The evidence fails to show that any deception was practiced upon the defendants. 2. The evidence clearly shows that there was no unfairness, or advantage taken of defendants at the sale.

III. The facts set up in the answer, if they were true to their fullest extent, constitute no defense to this action. The facts set up are not a defense to the notes; but, on the contrary, they admit the indebtedness—insist upon it—insist that the sale of the property was void, so that no part of the notes was paid thereby; so' that clearly there is nothing therein stated that is a defense to the notes. Neither is there anything which is or can be a counter claim. There is nothing that can be set off by way of damages or by way of recoupment. The sale is either good or it is bad. If good, then defendants have no cause of complaint; if bad, no title passes to the land.

HOLMES, Judge, delivered the opinion of the court.

This was a suit upon promissory notes, by the holders against the makers, upon a petition in the usual form. The answer of the defendants admitted the execution of the notes, and set up equitable matters as a defense. The cause was heard before a court, a jury being waived. The issues were found for the plaintiff and the damages assessed, and judgment was given for the plaintiff for the amount, with a further judgment that "the defendants take nothing by their counter claim." In the answer the defense set up was a counter claim, which, besides the equitable relief prayed for, asked for a recoupment of damages.

The statute provides that the answer may consist of a statement of any new matter constituting a defense or counter claim. It may contain "as many defenses or counter claims as the party may have," whether legal or equitable, or both, and they must be separately stated. A counter claim must be a demand existing in favor of the defendant and against the plaintiff, between whom a several judgment might be had in the action, and it must arise out of the same contract or transaction and be founded on con-

tract.   It is evident from this that a counter claim must be of the nature of a cause of action at law.   Different defenses or counter claims may be separately stated in the same answer; but equitable matter — that is, an equity for relief — can constitute a defense only, but not properly a counter claim.   Equity may afford relief in some cases by decreeing the payment of money or a compensation by way of damages, and in some very special cases may perhaps direct an assessment of damages, but the jurisdiction must be founded upon some equity. That equity may be a defense to the cause of action at law, or it may not. If it be not a defense, it cannot be joined in the same suit.   A cause of action which wholly defeats the demand of the plaintiff cannot be a counter claim.   (Hobson v. Pierce, 12 N. Y. 156; Post v. Sprague, 12 How. Prac. 455; 1 Smith & Tiff. Prac. 378.)   These authorities do not support the idea that an equitable defense may properly be called a counter claim.   A defense may be either legal or equitable, and different consistent defenses may be separately stated in the same answer.   (Gen. Stat. 1865, ch. 165, §§ 12–14.)

This answer contained an equitable defense, but not a counter claim.   A recoupment or set-off is not of the nature of a defense or plea in bar, but admits the cause of action and claims an allowance in diminution of the plaintiff's demand, and it is not a counter claim. The effect of the judgment that was rendered may be taken to have been that the defense on the equity was adjudged against the defendants as upon the dismissal of a bill.

It has been held by this court that where a matter of equity and an action at law are separately stated in the same petition or answer, the matter of equity and the matter of law must necessarily be separately tried or heard, for the reason that there is a constitutional right of trial by jury in the one case and not in the other, and the nature of the judgment or relief given must in general be very different. (Peyton v. Rose, 41 Mo. 261.)   The statute recognizes this difference in the mode of trial.   (Gen. Stat. 1865, ch. 169, § 13.)   Here the parties appear to have consented that both matters might be heard together, and the right of trial by jury was waived.   No exception is taken to this action of the court.

The equitable defense consisted in an allegation of fraud and unfairness at the sale of the property upon which the notes sued on had been secured by deed of trust, the plaintiff having been the purchaser, and the relief prayed for was that the trustee's deed to the purchaser might be declared void, and the defendants allowed to redeem the property upon payment of the whole debt and interest (these notes inclusive), and that an account might be stated and an injunction granted to stay further proceedings at law. It is apparent that if this relief could have been granted it would have constituted a complete defense to the plaintiff's cause of action. One objection to the sale was founded upon an alleged insufficiency in the publication of notice. It appeared that the original deed of trust required that the property should be advertised for sale " in some newspaper printed in St. Louis or Franklin county," and that the notice was published in the " Franklin County News," a newspaper published in Franklin county. The certified copy of the record of this deed, from the recorder's office of the county, made it appear that the deed read " in St. Louis Franklin county." In the case of Jones v. Thornburgh, 36 Mo. 514, the allegation of the petition upon which the case was decided on demurrer made it read " *in St. Louis and Franklin county.*" In this case it appears that the notice was published as required by the deed. The parties to the instrument must be held bound by the true reading. All parties concerned in the matter of the sale appear to have had actual notice, and for all the purposes of this case the notice will be deemed to have been sufficient.

The evidence failed to support the averment of fraud and unfairness at the sale. It does not appear that the beneficiary and purchaser did anything more than he had a lawful and just right to do. His demand that the sale should be made for cash, payable in coin rather than in currency at a discount, was in conformity with the terms of the deed and with the requirements of law. This alone would furnish no ground for relief. (Goode v. Comfort, 39 Mo. 326.) The proof does not show that this demand was made oppressively for the purpose of deterring bidders, nor that any persons were prevented from bidding, nor that the property was obtained for much less than its real value at that

time. The parties interested in preventing a sacrifice of the property were present and had a full opportunity of bidding, and their bids to the amount they were willing to go were accepted, and they were informed by the trustee that a reasonable time would be allowed for an examination of the title, the execution of the deed, and the payment of the money. They might have prevented a sale altogether by paying the debt due. Even after the sale had taken place, the plaintiff offered to give up his purchase upon receiving full payment of his debt. The disturbed condition of the times was not such as to furnish any valid excuse for the delinquency of the defendants in the payment of the notes. We do not see that the facts and circumstances proved amounted to any fraud or unfairness that could furnish a sufficient ground for relief.

The judgment will be affirmed. The other judges concur.