Gantt, P. J.
—
This action was originally commenced in the circuit court of the city of St. Louis, on January 16, 1893. The original petition was in the words following:'
“William Heman and Frederick Heman, Plaintiffs, v. Jacob N. Bick and Nathaniel H. Glann, Defendants. _
In the circuit court, city of St. Louis, to the February term, 1893.
“Plaintiff states that on October 13, 1891, one of these plaintiffs, William Heman, entered into a con *329 tract, in writing, with the defendants, who were all co-partners under the style of Bick & Giann, which contract was in words and figures as follows:
“ ‘This agreement made and entered into this thirteenth day of October, A. D. 1891, by and between J. N. Bick and N. B. Giann, copartners doing business under the firm name and style of Bick & Giann, of the city of Toledo, state of Ohio, parties of the first part, August Heman of the city of St. Louis, Missouri, party of the second part, and William Heman, of the city of St. Louis, state of Missouri, party of the third part:
“ ‘Witnesseth, that the said parties of the first part, in consideration of the debt and trust hereinafter mentioned and created, and of the sum of one dollar to them paid by said parties of the second part, the receipt of which is hereby acknowledged, do by these presents grant, bargain and sell, convey, confirm, set over and assign unto the said party of the second part, forever, all our right, title and interest in and to a certain contract, dated at St. Louis, Missouri, February 18, 1891, between Bick & Giann, said parties of the first part, and the Heman Construction Company (a corporation of the city of St. Louis, state of Missouri), together with all moneys that now or may be due Bick & Giann under said contract, or that any time hereafter may be due Bick & Giann from Heman Construction Company, together with their right, title and interest in all property, goods and chattels at the Chain of Eocks in the city of St. Louis, Missouri, said property consisting of rails, cars, derricks, wheel and slusher scrapers, black stone crusher, tools and implements of a blacksmith shop, horses, wagons and carts, engines and boilers, all of said property now in the custody of Heman Construction Company and being used by said company in the construction of certain settling *330 basins at the Chain of Rocks, in the city of St. Louis, Missouri.
“‘To have and to hold same, with the appurtenances, to the said party of second part, and to his successors hereinafter designated, and to the assigns of him and his successors forever — in trust, however, for the following purposes:
‘“Whereas, the said Bick & Grlann are justly and truly indebted to William Heman in the just and true sum of thirty thousand ($30,000) dollars, for money this day loaned to said Bick & Grlann for the purpose of enabling said Bick & Grlann to comply with the terms of their said contract with Heman Construction Company, which said sum of $30,000 said Bick & Grlann promised to pay to said William Heman, together with interest thereon at the rate of eight per cent per annum, when the Heman Cunstruction Company, or its successors or assigns, has completed all the work required to be done under a certain contract between the city of St. Louis and Heman Construction Company, dated February 5, 1891, for building the settling basins at Chain of Rocks.
“ ‘ And it is hereby stipulated and agreed that said parties of the first part shall have the right and privilege, upon giving the party of the third 'part sixty days’ written notice, of paying said $30,000, or any part thereof, before the completion of the said contract of city of St. Louis with Heman Construction Company.
“ ‘ And it is further agreed by the parties hereto that the $30,000 this day loaned to the said parties of the first part by the said párty of the third part shall be placed in the hands of the party of the second part, as trustee, who shall use and apply same to and for the account of parties of the first part in the matter of *331 carrying out and performing their said contract with Heman Construction Company, dated February 18, 1891; and said sum of $30,000 shall be used by said party of the second part for no purpose but to pay for work and labor done and to be done and material used in said work at settling basins at Chain of Rocks, in the city of St. Louis, except the sum of five thousand dollars ($5,000), which shall be paid to party of the second part, and said party of the second part shall pay out said money as it may be required in the construction of said settling basins. And the said party of the second part shall receive and collect and pay out all moneys which said parties of the first part are entitled to receive under their said contract with Heman Construction Company, dated February 18, 1891.
“ ‘Now, therefore, if the said parties of the first part or their representatives shall well and truly pay to said William Heman, or his legal representatives or assigns, said sum of $30,000, together with interest thereon from October 13, 1891, at the rate of eight per cent per annum, when the same becomes due and payable under this contract, then this trust shall cease and be void, and the said party of the second part or his successor shall pay over to the said parties of the first part such balance of said $30,000 as he may then have on hand, and other money that he may have received by virtue of said contract between Heman Construction Company and parties of the first part that he may not have paid out, and he will return to said parties of the first part all property which he may have on hand that is hereby assigned to him, and which was delivered to him upon the execution of this instrument. But if said principal debt of $30,000, which Bick & Glann owe William Heman, and the interest thereon at eight per cent per annum, which they have agreed to *332 pay, are not paid when they become due and payable under this contract, then this conveyance shall remain in full force, and tire said parties of the second part shall immediately apply all money that he may have on hand belonging to said parties of the first part, and all money which he may at any time receive from Heman Construction Company under said contract of February 18, 1891, to the payment of said debt and interest; and if the same shall not be sufficient to pay said principal debt and the interest, that said party of the second part shall proceed to sell the personal property herein conveyed, at any place that he may designate in the city of St. Louis, Missouri, to the highest bidder for cash, after first giving five days’ notice of time and place of sale, by posters placed in three prominent places in the city of St. Louis, and also delivered to Bick & Grlann; and that after first paying the costs and expenses of the sale, he will apply the balance to the payment of the balance of said debt, and if after paying said debt, interest and costs, he has any surplus on hand, he will pay same to said parties of the first part. The said parties of the first part hereby authorize and direct the Heman Construction Company to pay to said party of the second part, as trustees herein, all money which shall be paid to them under and by virtue of said contract between Bick & Grlann and Heman Construction Company, dated February 18, 1891, until said trust is fulfilled.
“ ‘The said party of the second part is hereby authorized and empowered to apply $5,000 of said sum of $30,000 to his own use, and said parties of the first part hereby agree to pay said party of the second part said sum of $5,000 in full for his services in securing this loan for said parties of the first part, and for his services as trustee herein, and that said party of the second part shall be given credit for said sum of $5,000 *333 whenever he may be required to render an account as trustee herein.
“ ‘In case of the death of said party of the second part, then Frederick Heman shall become trustee herein. •
“ ‘And the said party of the second part covenants' faithfully to perform and fill the trust herein, it is understood that the last shipment of mules, wagons, etc., made by parties of the first part from Toledo, Ohio, during thirty days last past, is not included in property hereby transferred to said August Heman, trustee.
“ ‘It is distinctly understood that this contract m nowise alters or modifies any of the terms or provisions of the contract between Bick 8s Glann and the Heman Construction Company, dated February 18, 1891, herein referred to, but the same shall be carried out in all respects although this contract had not been executed — this contract having the effect, only, to transfer to said August Heman, in trust, whatever may now or hereafter be coming to said Bick & Glann under said contract, for the purpose of securing said loan, and for no other purpose whatsoever, and this transfer, as aforesaid, shall not in any way interfere with the doing of said work as provided for in said contract of February 18, 1891.
“ ‘It is understood that the interest referred to herein on said thirty thousand dollars ($30,000) falls due annually, so as to bear interest after so falling due, but no part of said interest is to be paid until the principal becomes due and payable hereunder.
“ ‘In testimony whereof, the parties hereto have hereunto set their hands and seals, the day and year first above written. August Heman, [seal]
“ ‘Wi. Heman, [seal]
“ ‘N. P. Glann, [seal]
“ ‘J. N. Bick. [seal]
*334 “ ‘State oe Missouri, "] >• ss. “ ‘City of St. Louis. J
“ ‘On this thirteenth day of October, A. D. 1891, before me personally appeared J. M. Bick, N. P. Glann, August Heman and- "William Heman, to me known to be the persons described in and who executed the foregoing instrument, and acknowledged that they executed the same as their free act and deed.
“ ‘In witness whereof, I have hereunto set my hand and notarial seal, the day and year last above written. My commission expires June 28, 1893.
[seal] “ ‘Albert Gerst,
“ ‘Notary Public.
“ ‘State oe Missouri,"] Y ss. ‘ “City of St. Louis, J
' “ ‘I, the undersigned, recorder of deeds for said city and state, do hereby certify that the foregoing instrument of writing was filed for record in my office, on the second day of November, A. D. 1891, at 12:30 o’clock p. m., and is truly recorded in Book P. P. 138, page 170.
‘“Witness my hand and official seal, on the day and year aforesaid.
[seal] (Signed) ‘ “Wm. A. Hobbs,
“ ‘Recorder.’
“The said contract was duly executed and acknowledged by the parties thereto, respectively, and was duly filed and recorded on November 2, 1891. That thereafter, on May 13, 1892, said plaintiff, Wm. Heman, sold and transferred to the other plaintiff, Frederick Heman, an undivided one half interest in said contract, which assignment is as follows:
“ ‘St. Louis, Mo., May 13,1892.
“ ‘For value received I hereby sell, transfer, set over and assign to Frederick Heman an undivided *335 half interest in and to a certain contract which I now have with Bick & Grlann, together with all securities given to me by Bick & Grlann. .
(Signed) “ ‘Vm. H. Heman.
“ ‘Witness: Chas. A. Hartmann.’
“That under the term of said contract, and in the manner therein prescribed, the plaintiffs have loaned defendants the sum of $30,000; that the security for the return of said money prescribed by said contract has entirely failed, and no longer exists; that the defendants have no further interest in the contract that existed between them and the Heman Construction Company, of date February 18, 1891; that they are largely in default on said contract, and that about December 10, 1892, they abandoned the .same and refused further to execute the samé, whereby an action has accrued to plaintiffs to have and recover of said defendants the sum of $30,000, with interests and costs, for which they pray judgment.”
Jacob Bick was not served with process. The defendant, Grlann, appeared and demurred to the petition on the ground that it failed to state a cause of action and his demurrer was sustained. The plaintiffs then filed an amended petition in words and figures following, omitting caption and venue:
“The plaintiffs, by leave of court, file this amended petition, and state that on October 13, 1891, the defendants composed the firm of Bick & Grlann, and on on said day they borrowed of plaintiff William Heman the sum of thirty thousand (30,000) dollars, and afterward said William Heman sold and transferred to his coplaintiff, Frederick Heman, an undivided one half interest in said indebtedness, and that there is now due and owing to plaintiffs, on account of the same, thirty thousand ($30,000) dollars, for which, with interest and costs, judgment is prayed.”
*336 And thereupon defendant Grlann moved the court to strike out said amended petition for the reasons:
First. Because the cause of action set forth in said amended petition is not the same as that set forth in the original petition in said cause, in that said original cause of action was based upon an alleged debt evidenced by an instrument of writing, which instrument fully prescribed the conditions and time of payment of the s ame.
Second. Because the said amended petition in nowise refers to the said instrument in writing, upon which the cause of action in the original petition was based, and in nowise identifies the alleged debt set forth in said amended petition with the alleged debt upon which said original petition is based.
Third. Because the judgment upon the cause of action set forth in said amended petition could not be pleaded in bar of a new action upon the facts set forth in the original petition herein.
■ Which motion was by the court sustained and plaintiffs duly excepted.
Plaintiffs afterward moved the court to set aside its order striking out said amended petition, which motion was overruled, and plaintiffs again excepted, and thereupon took a nonsuit with leave’ to move to set the same aside, and afterward filed said motion and it was overruled and plaintiffs excepted.
I. Plaintiffs, in their brief, devote much space to the action of the court in sustaining the defendant’s demurrer to their original petition and the learned counsel for defendant, confident as ever of the soundness of his position, willingly enters the lists to defend the ruling of the circuit court in that respect; but it is clear that when plaintiff pleaded over in an amended petition he waived the error, if any, in sustaining the demurrer, and that petition is not before us for review.
*337 If the plaintiffs thought their petition stated a good cause of action and would withstand the demurrer, they should have let judgment go and appealed therefrom, but when they elected to file another petition their original pleading was no longer a part of the record for our revision. Fuggle v. Hobbs, 42 Mo. 541; Pickering v. Telegragh Co., 47 Mo. 457; Scoville v. Glasner, 79 Mo. 449; Sauter v. Leveridge, 103 Mo. 615; Williams v. Railroad, 112 Mo. 463.
II. The only point for review is the action of the court in striking out the amended petition because it was a departure in pleading. Our code is very liberal in permitting amendments of pleadings but it does not permit a party to substitute an entirely different cause of action in his amended petition for that originally declared upon in his first petition. Sec. 2098, R. S. 1889; Scovill v. Glasner, 79 Mo. 449; Lumpkin v. Collier, 69 Mo. 170; Newton v. Allis, 12 Wis. 378.
It would be difficult to conceive of a more radical change of pleading than the two petitions of plaintiffs present. The written instrument forming the basis of the original cause of action on its face shows that the $30,000 never went to the respondents; but by the express terms of the instrument was placed “in the hands of the party of the second part as trustee,77 for use in the payment for work and material; and by the terms of the instrument ‘ ‘the said party of the second part covenants faithfully to perform and fill the trust herein.77 Under the original cause of action respondents would be entitled to a substantial compliance with all of the provisions of the written instrument in their favor, and the duty would devolve upon their trustee, who also received and handled the money, to show that this money was expended strictly in accordance with the trust agreement. The original action, therefore, is one based upon a trust agreement, in which *338 conditions are contained, the compliance with which must be shown in order to sustain the action. The amended petition seeks in the shortest form to recover money loaned, entirely free from any trust, or any conditions whatever, and from any written agreement.
An essential prerequisite to recovery upon the written contract which was the basis of the first petition would be an allegation that the Heman Construction Company had finished its contract with the city, of date February 5, 1891. The amended petition is a plain action for money loaned, unconditionally and then due. It is plain that the same evidence would not sustain both petitions. The written contract was the sole measure of liability in the first petition and it can not be that plaintiffs expected to recover the moneys. that would be due under that contract by the simple averment in the amended petition, but if they did not, and the amended petition was to recover still another $30,000 based upon a different consideration, it would not be the same cause of action, and hence not allowable under the privilege of amendment. We think the circuit court correctly held that it was a radical change of the cause of action and properly struck it out. The judgment is affirmed.
Burgess and Sherwood, JJ., concur.