Waldron v. Merseal.

---

## CHARLES WALDRON, Respondent, v. GEORGE MERSEAL et al., Appellants.

**St. Louis Court of Appeals, January 9, 1912.**

1. **PLEADING: Striking Out Answer: Pleading Over: Waiver.** A defendant, by filing a plea of set-off, upon which the case went to trial, waived any error committed by the court in striking a previous plea of set-off from the record.

2. **SET-OFFS: Nature: Nonsuit.** A set-off is an affirmative demand and is not in the nature of a defense or plea in bar, and a defendant who asserts a demand by way of set-off has the right to abandon his set-off at any time before it is submitted to the jury and to thereafter sue upon the demand asserted in it in a separate action.

3. **TRIAL PRACTICE: Set-Offs: Failure of Jury to Make Finding: Cure by Remittitur: Verdicts.** In an action on a promissory note, where the defendant filed a set-off, the failure of the jury to make any finding on the set-off was cured by plaintiff's remitting the amount thereof from the verdict.

Appeal from Jefferson Circuit Court.—*Hon. Joseph J. Williams,* Judge.

AFFIRMED.

*Clyde Williams* and *R. A. Frazier* for appellants.

(1) The court, after all the evidence was in struck out appellants' set-off because it was "of a greater

and different amount than the original set-off filed in the justice court,'' and thereby committed error: (a) Because said set-off stated all the items of indebtedness between parties, as intended to be set out in the original set-off and the balance due appellants was stated to be not greater than the amount stated in the original, and was therefore not a change of the cause of action. Sprague v. Follett, 90 Mo. 547; Elliott v. Abell, 39 Mo. App. 346; Dowdy v. Wamble, 110 Mo. 280. (b.) Because if said set-off was for a greater and different amount, respondent's remedy was a motion to strike out the set-off on the ground that it changed the cause of action. Respondent, by going to trial, without filing such motion waived all defects in the set-off. Matthews v. Perdue, 79 Mo. App. 149; Meadows v. Railroad, 82 Mo. App. 83; Long v. Talley, 91 Mo. 305; Anderson v. Railroad, 129 Mo. App. 384; Flowers v. Smith, 214 Mo. 98; Castleman v. Castleman, 184 Mo. 440. (2) The court erred in striking out appellants' second set-off, which was an exact copy of the one filed before the justice and which was filed after the first one was stricken out, and appellants by filing another set-off did not waive their rights under the first. Cochran v. Railroad, 113 Mo. 366; Houtz v. Hellman, 228 Mo. 663. (3) The verdict is insufficient because there was no finding on appellants' set-off and the verdict cannot be cured by remittitur. Henderson v. Davis, 74 Mo. App. 5; Hitchcock v. Boughan, 44 Mo. App. 42; Ring v. Vogel, 44 Mo. App. 111; Marshall v. Armstrong, 105 Mo. App. 238; Winkelman v. Maddox, 119 Mo. App. 658; Koeltz v. Bleckman and Horn, 46 Mo. 320; Connelly v. Railroad, 120 Mo. App. 660. (4) No new judgment was entered, less the amount of the remittitur. Schilling v. Speck, 26 Mo. 489; Dawson v. Waldheim, 81 Mo. App. 636; Haynes v. Trenton, 108 Mo. 134.

*Byrns & Bean* and *H. B. Irwin* for respondent.

STATEMENT.—This action was brought before a justice of the peace to recover the amount charged to be due on a promissory note executed by the defendants George Merseal and Margaret F. Merseal, on the 16th day of August, 1901, for the payment to the plaintiff of one hundred dollars, twelve months after date. The defendants did not deny the execution of the note but pleaded a set-off. A judgment being rendered by the justice, an appeal was prosecuted therefrom to the circuit court where the same was tried anew before a jury. It seems, however, that the plea of set-off filed by the defendants in the justice court was lost from the files and on the day before the trial in the circuit court the defendants filed another in lieu thereof. The circuit court of its own motion struck this second plea of set-off from the record because of its being for a greater and different amount than the one filed in the justice court. Defendants excepted to such action. Another plea of set-off was then filed by leave of court but forthwith this leave was withdrawn. Defendants saved their exception. Thereupon, before the cause was submitted to the jury, the defendants filed another pleading by which they first allege that the note sued upon had been paid, and then set up a cross demand, by way of set-off, for $9.20. Thereupon, the case having been heard, the court of its own motion gave to the jury certain instructions which the bill of exceptions recites have been lost and cannot be set forth. The bill of exceptions states, however, that they directed that if the note in question had been executed by defendants and not paid then the jury should find for the plaintiff and that they ignored the defendants' set-off. The bill of exceptions does not show that any exception was taken to the action of the court in giving said instructions. The jury returned a verdict for the plaintiff for

Waldron v. Merseal.

$160.12, being the amount of the note and interest, but made no finding for or against the defendants on the counterclaim. Judgment was forthwith entered for plaintiff in accordance with the verdict. At the same term and within four days after the trial the defendants filed a motion for a new trial and a motion in arrest of judgment. While those motions were pending, plaintiff filed a remittitur in the sum of $9.20, the full amount of the set-off claimed. The plaintiff then filed a motion to set aside the judgment as having been prematurely entered, which motion was sustained and the judgment set aside. Thereupon the motions for a new trial and in arrest were overruled, and the court gave and entered judgment in favor of the plaintiff and against the defendants for "the sum of $150.92 in accordance with the verdict of the jury herein and the remittitur filed herein." From this judgment the defendants have perfected their appeal. Defendants make no point which renders it necessary for us to set forth the facts disclosed by the evidence. We may say, however, that in striking out the defendants' third plea of set-off, that is the second one that was filed in the circuit court, the court was very evidently animated by a commendable desire to make defendants conform their pleading to their theory of the case as disclosed by the statement of their counsel and by their evidence.

CAULFIELD, J. (after stating the facts).—I. Defendants assign as error the action of the trial court with reference to the first two pleas of set-off which were filed in the circuit court. It is sufficient to say of this that after these two pleas of set-off had been stricken from the record by the court, the defendants filed another pleading by leave of court, and the case went to the jury upon this last pleading. By so doing they waived their right to avail themselves of any supposed error committed by the court in striking

out the previous pleas. [Heman v. Glann, 129 Mo. 325, 335, 31 S. W. 589; Fuggle v. Hobbs, 42 Mo. 541.]

It is true that in the case of Houtz v. Hellman, 228 Mo. 1. c. 664, 128 S. W. 1001, our Supreme Court uses language indicating that a distinction should be made between the effect of a plaintiff's action in pleading over after his petition has been held bad and the effect of a defendant pleading over after his *defenses* are held bad. But it is clear that that language is not applicable here. The defendants pleaded over after their plea of set-off, not their defense, had been held bad. The set-off was an affirmative demand and not of the nature of a defense or plea in bar. [Jones v. Moore et al., 42 Mo. 413, 419.] In respect of it defendants occupied the position of plaintiffs. [Bank v. Harris, 54 Mo. App. 156, 159.] They had the option to bring it into this suit to extinguish in part or in whole plaintiff's claim, or to sue upon it independently. [Wright v. Salisbury, 46 Mo. 26, 28; Jones v. Moore et al., 42 Mo. 413, 419.] A failure to use it here would not have prevented suit being brought upon it in a separate action. [Hall v. Clark, 21 Mo. 415, 416.] It might have been abandoned before being submitted to the jury and afterwards sued upon separately. [Wright v. Salisbury, supra.] As to it the defendants occupied as favorable a position as a plaintiff would have occupied in respect of his petition. The same choices were open to them. They might have gone out of court as to their set-off, or they might have stood thereon, suffered judgment and appealed, or they might have pleaded over and gone on. They chose to follow the last course and thereby they just as necessarily waived all exceptions to the action of the court on their former pleas as a plaintiff would have done by pleading over after his petition had been held bad on demurrer.

II. Defendants assert that the verdict was insufficient because it contained no finding on their set-off. This may be accepted as true, but it does not follow that the judgment must be reversed on that account. The verdict in favor of the plaintiff was for the amount of the note and interest. To that extent it was proper and correct, for the execution of the note and defendants' original liability thereon is conceded, and the evidence of payment was not at all convincing. There is nothing whatever to suggest passion or prejudice on the part of the jury. The failure to find on the counterclaim was in all likelihood due to the ignorance of the jury as to the proper procedure and the failure of the court to direct the form of the verdict. Defendants could not have been prejudiced by such failure to a greater extent than the amount of the counterclaim, and the error was necessarily cured by the remittitur, which was for the full amount of the counterclaim.

III. There is no merit in defendants' complaint that "no new judgment was entered, less the amount of the remittitur." The judgment from which this appeal was taken was entered after the remittitur was made and was for the amount of the verdict, less the amount of the remittitur.

The judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.