MARY A. ALEXANDER, APPELLANT, v. PLEASANT HILL BANKING COMPANY ET AL., RESPONDENTS.—106 S. W. (2d) 919.

Kansas City Court of Appeals. June 14, 1937.

*Ray L. Shubert, Don E. Black* and *Mosman, Rogers, Bell & Buzard* for appellant.

*James A. Parks, C. E. Groh* and *Crouch & Crouch* for respondent.

SPERRY, C.—The parties will be designated plaintiff and defendant here as they were below.

Plaintiff's petition was filed August 23, 1935, in Circuit Court of Cass County. Defendants, on September 9, 1935, filed demurrer. The venue was changed to Henry County where the following amended demurrer was filed in due time by the one appealing defendant:

"(1)  That there is a defect of party defendants."

"(2)  That several alleged causes of action have been improperly united."

"(3)  That the petition of plaintiff does not state facts sufficient to constitute a cause of action against this defendant.

"(4)  That under the alleged facts stated in said petition and the allegations in said petition that said claim of plaintiff, if any plaintiff has, is barred by the Statute of Limitation of the State of Missouri and particularly Section 862 of Article Nine (9), Chapter Five (5) of Revised Statutes of Missouri, 1929.

"Wherefore defendant prays to be discharged with costs."

On June 6, 1936, the demurrer was argued and submitted and on May 11 it was sustained and plaintiff given until July 15, 1936, to file amended petition. On July 14, 1936, plaintiff asked and was granted leave to amend her petition by interlineation, which she did, and refused to plead further. The court rendered judgment for defendants and against plaintiff. Plaintiff appeals and sets out the following as her *sole* assignment of error, and it is the sole subject of the points, authorities and argument contained in her brief, to wit:

"The trial court erred in sustaining the amended demurrer of the defendant, Pleasant Hill Banking Company, to plaintiff's petition."

Thus it appears that the appeal is, in effect, based upon the action of the trial court in sustaining the demurrer. Defendant urges that plaintiff abandoned her original petition when, after the court had sustained a demurrer thereto, she asked, and was granted, leave to amend and did amend. In Tobin v. Bell Telephone Co., 199 S. W. 952, l. c. 953, Division No. 2 of the Supreme Court said:

"Plaintiff lost her right to urge error, for that the court *nisi* sustained the demurrer to her original petition, by pleading over, even if the action of the learned trial court thereon had not been right."

The above case appears never to have been criticised and must be considered by us to be the law. Therefore, we hold that plaintiff has presented for our consideration one question only and that point we rule against her.

Judgment affirmed. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. Judgment affirmed. All concur.