**SECURITIES ACCEPTANCE CORPORATION, Plaintiff-Respondent,**

v.

**Leonard L. HILL, Defendant-Appellant.**

No. 23089.

Kansas City Court of Appeals.

Missouri.

Jan. 11, 1960.

Blackford, Imes, Compton & Brown, Roy W. Brown, Haskell Imes, Kansas City, for appellant.

Casemore, Berman & DeLeve, Jene A. DeLeve, Kansas City, for respondent.

BROADDUS, Judge.

The question presented here is whether defendant was unlawfully deprived of a trial by jury. Plaintiff recovered a judgment against defendant in the sum of $603.-21. Defendant took an appeal to the Supreme Court, and sought to present a constitutional question. The Supreme Court held that it did not have jurisdiction of the appeal because the constitutional question briefed by defendant was not timely raised in the trial court, and transferred the case to this court. See Mo., 326 S.W.2d 65.

The suit was originally filed in the magistrate court. On May 25, 1956, judgment was entered in that court against defendant. On May 28, he appealed to the Circuit Court of Jackson county and on the following day the transcript was filed in the office of the Circuit Clerk of that county.

Among the rules of the Circuit Court of Jackson County, and which became effective on January 9, 1956, is Rule 2. It reads as follows: "Any party desiring a trial by jury of an appeal from the magistrate court shall file a written request for a jury trial and deposit the sum of $15.00 with the circuit clerk within thirty days after the filing of the transcript on appeal. Failure to do so shall be a waiver of a trial by jury and the case shall be assigned to the jury-waived docket."

On July 3, 1956, plaintiff listed the cause as a jury-waived case. On July 6, defendant filed a written request for a jury trial and deposited $15 with the clerk. No order appears in the record concerning that request, but on its face is written in ink, "O.K. H. A. R.", which defendant contends indicates that the request was approved by Henry A. Riederer, Presiding Judge of that court. A copy of the request was mailed to plaintiff's attorney on the same day, to-wit: July 6, 1956.

On January 3, 1958, the cause was assigned to Division 5. On January 13, 1958, the cause came on for trial in that division, at which time the plaintiff's counsel called the attention of the court to Rule 2 (heretofore set out) and took the position that the parties had waived a jury under the provisions of said rule, and moved that the case be transferred from the trial docket for jury cases to the docket for jury-waived cases. The court sustained plaintiff's motion and announced that the case would proceed to trial without a jury. Thereupon, defendant filed an application for a change of venue, which was sustained, and the cause was transferred to Division No. 3. On January 15, 1958, defendant filed a "Motion to transfer Cause from the Contested Docket to Jury Trial Docket." That motion, after setting out the procedure followed in the case up to that point, alleged as follows: "7. That said failure to file with the circuit clerk a $15.00 deposit as required by Rule 2 of the rules of the Circuit Court of Jackson County, Missouri, was an oversight on the part of the defendant's attorney, and will in no way prejudice the rights of the plaintiff, but to deny the defendant his right to a jury trial will be prejudicial to defendant's rights." Said motion was overruled by the court on January 17, 1958. On June 12, 1958, the cause came on for trial and the defendant at that time filed a "Demand for Jury Trial" in which he contended that he was entitled to a jury trial pursuant to §§ 10 and 22(a) of Article I of the Constitution of Missouri, V.A.M.S., and that he had not waived his right to a jury trial under the provisions of Section 510.190 RSMo 1949, V.A.M.S. Said demand was overruled.

The case then proceeded to trial and the defendant not only refused to participate in the trial but he and his counsel left the court room and were not present during the trial of the case.

The court entered judgment for plaintiff. Defendant filed a motion for new trial.

One of the grounds stated therein was that "the defendant has committed no act that would deny him the right to a jury trial; therefore, the court erred in denying defendant said jury trial." The motion was overruled and defendant duly perfected his appeal.

Section 510.190 V.A.M.S. provides that: "The right of trial by jury as declared by the constitution * * * shall be preserved to the parties inviolate. * * *. 2. Parties shall be deemed to have waived trial by jury (1) By failing to appear at the trial; (2) By filing with the clerk written consent in person or by attorney; (3) By oral consent in court, entered on the minutes; (4) By entering into trial before the court without objection."

It is clear that defendant did not waive his right to a jury trial by any of the methods named in the above statute. Was that right waived under the circumstances shown here? It is true he did not file his written request within 30 days as required by Rule 2 of the Circuit Court. But the fact remains that his request was acted upon by the then Presiding Judge because *the case was placed upon the jury trial list.* It remained upon that list and was assigned out for trial by the succeeding Presiding Judge *as a jury* case on January 3, 1958.

Our courts have always held that rules of court should be reasonably interpreted and administered. Harbison v. Chicago, R. I. & P. R. Co., 327 Mo. 440, 37 S.W.2d 609, 612, 79 A.L.R. 1. And our statute (Section 506.060, V.A.M.S.) provides: "When by this code or by a notice given thereunder or *by order of the court* an act is required or allowed to be done at or within a specified time, the court for cause shown may *at any time in its discretion* * * * (2) Upon motion *permit the act to be done after the expiration of the specified period where the failure to act was the result of excusable neglect*; * *." We must presume that the Presiding Judge, by causing the case to be placed upon the jury list, found that the requirements of this statute had been met. In other words, that the failure of defendant to file his written request and deposit the sum of $15 within the 30-day period was "the result of excusable neglect." We say this because of the settled rule that it will be presumed that a court of general jurisdiction proceeds by right and not by wrong

The Federal Civil Procedure Rules, rule 38(b), 28 U.S.C.A. provide that any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other party a demand therefor in writing not later than 10 days after the service of the last pleading. The federal decisions hold that those rules should be construed to render substantial justice, and the rule relating to the time within which demand for a trial by jury must be made may be relaxed in the discretion of the court. See Carr Mo.Civil Procedure, Vol. 1, pp. 816–818.

It has always been the law of this state that the granting of an extension of time for furnishing security for costs rests largely in the discretion of the trial court. In the case of Leatherman v. Coca-Cola Bottling Co., Mo.App., 254 S.W.2d 436: "The defendant asked and the trial court ruled that plaintiff should give security for costs, and plaintiff was granted until August 8, 1950, to file such security for costs. Plaintiff apparently did not give such security for costs on or before the date fixed by the trial court, for on August 28, 1950, defendant filed a motion to dismiss the case for failure of plaintiff to give security for costs on the date previously fixed. The trial court passed the motion to dismiss * * * until September 12, 1950, on which latter date the plaintiff was permitted to file bond for costs." The Springfield Court of Appeals held that the trial court's ruling was correct.

It follows from what we have said that the judgment should be reversed and the cause remanded for a new trial by a jury. It is so ordered.

All concur.