Samuel M. SCOTT and Barbara T. Scott, his wife, Appellants,

v.

Harold Joseph Patrick GIBBONS et al., Respondents.

No. 42051.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 20, 1981.

David P. Oetting, Clayton, for appellants.

Edwin Rader, William Leyhe, Clayton, Richard Bender, St. Louis, Robert Jones, Clayton, for respondents.

PUDLOWSKI, Judge.

This is an appeal from a judgment in which the trial court sustained defendants' motions to dismiss and motion for summary judgment. Plaintiffs appeal.

The facts are not in dispute. On September 23, 1965, plaintiffs, Samuel and Barbara Scott entered into a contract to purchase 1.23 acre parcel of real estate located in the City of Kirkwood from defendants Harold and Ann Gibbons. Defendant John W. Feldwisch, Inc., served as real estate agent for the seller Gibbons. The transaction was closed on November 26, 1965 with the Gibbons delivering a general warranty deed for the 1.23 acre tract, and the Scotts paying the purchase price of $18,750. Guaranty Land Title Company delivered a certificate of title insurance covering the property to the Scotts. Unbeknownst to the Scotts, the Gibbons' predecessors in title, Spencer and

Juanita Dickinson, had conveyed .61 acres of the 1.23 acre tract to the City of Kirkwood by quit claim deed. This quit claim deed was recorded September 13, 1954. The Scotts discovered the discrepancy in the summer of 1975, when they were contemplating making improvements to their residence. At that time their architect informed them they were in violation of the minimum set-back lines and that they had acquired an interest in only .62 acres instead of the 1.23 acres that had been represented to them by the warranty deed, certificate of title insurance and real estate agent, Feldwisch, Inc.

■ Plaintiffs filed their initial petition on November 21, 1975[1] against all three defendants,[2] Gibbons, Feldwisch, and Guaranty Land Title, praying for damages in the sum of $50,000. Plaintiffs' initial petition is difficult to characterize. It set forth the above facts, recited allegations of fraudulent misrepresentation by all defendants and requested damages. However, it failed to properly plead a cause of action in fraudulent misrepresentation as it failed to allege that the defendants had knowledge of the misrepresentation. *Cantrell v. Superior Loan Corp.*, 603 S.W.2d 628, 634 (Mo.App. 1980). Plaintiffs voluntarily filed a first amended petition, a second amended petition and a third amended petition. The third amended petition was in 4 counts. Counts I and II were actions for misrepresentation and negligence against defendants Gibbons and Guaranty Land Title jointly. Counts III and IV were actions for fraudulent misrepresentation and negligence against defendant Feldwisch. To the third amended petition, defendants Gibbons filed a motion to dismiss and defendant Feldwisch filed a motion for summary judgment. Both motions were based upon expiration of the 5 year statute of limitations, § 516.120(5) RSMo 1978. These motions were sustained by the trial court, without prejudice and plaintiffs were granted 30

---

1. Nine years 361 days after they had purchased the property.

2. Ann Gibbons died after the third amended petition was filed, but for convenience we will refer to the Gibbons as denominated in the pleadings.

days to replead to each motion. Plaintiffs filed their fourth amended petition on June 27, 1978 against only defendants Gibbons and Guaranty Land Title. The fourth amended petition did not allege fraudulent misrepresentation, rather it set forth only a count for breach of warranty. A subsequent motion to dismiss the fourth amended petition filed by defendants Gibbons was granted based upon expiration of the ten year statute of limitation for breach of warranty actions, § 516.110 RSMo 1978. This motion to dismiss was granted because the trial court did not allow the fourth amended petition to relate back to the original petition. The original petition was filed within 4 days of the ten year statute of limitations period. A default judgment for $19,000 was taken against defendant Guaranty Land Title.

Plaintiffs' first point on appeal is that it was error for the trial court to grant the motion to dismiss and motion for summary judgment on the third amended petition. As stated above these motions were granted based upon expiration of the five year statute of limitations in actions for fraud, § 516.120(4) RSMo 1978. We believe the motions should have been denied because the five year limitation period should have commenced running at the time the fraud was discovered. § 516.120(5) RSMo 1978, *Siler v. Kessinger*, 149 S.W.2d 890, 893 (Mo.App.1941). However, defendants Gibbons argue that plaintiffs are without standing to challenge the trial court's dismissal of their third amended petition because the plaintiffs filed a fourth amended petition rather than allow judgment to be entered on the dismissal of the third amended petition and appeal therefrom. We agree.

The general and somewhat ancient rule is that an amended petition operates as an abandonment of the original petition. *McGee v. McGee*, 161 Mo.App. 40, 143 S.W. 77 (1912). However, there is a paucity of recent Missouri case law on the issue of whether the validity of a prior dismissal can be raised on appeal. The older cases uniformly hold that plaintiffs abandon an ear-lier petition by subsequently filing an amended petition. This case law has not been overruled, altered or modified by statute or rule. In an early case, *Heman v. Glann*, 129 Mo. 325, 31 S.W. 589 (1895), plaintiffs filed a petition to which the defendant demurred on the ground that it failed to state a cause of action. The trial court sustained the demurrer and plaintiffs filed an amended petition to which the trial court sustained a motion to strike. On appeal it was held that:

> ... it is clear that when plaintiffs pleaded over in an amended petition they waived the error, if any, in sustaining the demurrer, and that petition is not before us for review. If the plaintiffs thought their petition stated a good cause of action, and would withstand the demurrer, they should have let judgment go, and appealed therefrom; but when they elected to file another petition their original pleading was no longer a part of the record for our revision. (citations omitted).

*Heman v. Glann*, 31 S.W. at 591. In *Tobin v. Bell Telephone Co.*, 199 S.W. 952, 953 (Mo.1918), the court reiterated this rule. Plaintiff filed an action for wrongful death. The defendant filed a demurrer alleging that the petition failed to state a cause of action. The trial court sustained defendant's demurrer. Subsequently plaintiff filed an amended petition. Plaintiff then appealed from the dismissal of the original petition. On appeal it was again held that even if the trial court had been wrong in sustaining the demurrer, the plaintiff lost her right to urge error in so doing by pleading over in the amended petition. *Tobin* was cited in *Alexander v. Pleasant Hill Banking Co.*, 232 Mo.App. 374, 106 S.W.2d 919 (1937). In *Alexander*, plaintiff filed her petition to which defendant filed a demurrer, alleging *inter alia*, expiration of statute of limitations. The demurrer was sustained and plaintiff was given more than thirty days to file an amended petition. Subsequently plaintiff filed the same petition which had been amended by interlineation. The court rendered judgment for defend-

ant. Plaintiff appealed alleging that the trial court erred in sustaining the demurrer to the original petition. In addressing this question the appellate court first noted that *Tobin* had never been criticized and must be considered to be the law. Therefore, the appellate court held that by filing the amended petition plaintiff abandoned her original petition. In so doing plaintiff lost his right to urge that error had been committed in sustaining the demurrer to the original petition. *Alexander v. Pleasant Hill Banking Co.*, 106 S.W.2d at 919.

In a more recent case, *Moffett v. Commerce Trust Co.*, 354 Mo. 1098, 193 S.W.2d 588 (1946), plaintiffs filed first, second, third and fourth amended petitions to which demurrers were filed and sustained. A fifth amended petition was filed to which demurrers were again sustained. In the appellate court, plaintiffs attempted to raise the propriety of the earlier dismissals to which the court stated, "although previous petitions are printed in the abstract, the question is not before us. By pleading over appellants waived the error, if there was such." *Moffett v. Commerce Trust Co.*, 193 S.W.2d at 591.

Plaintiffs in their reply brief do not cite any Missouri case law for support that this court has jurisdiction to review the dismissal of their third amended petition. They do cite Wright and Miller, Federal Practice and Procedure, § 1476 [3] which analyzes Federal Rule 15(a).[4] The federal case law appears to be different from that of the State of Missouri.[5]

Notwithstanding the federal rule, Missouri case law unmistakably holds that plaintiffs waive any objection to dismissal of a petition by amending over. This is of course a relevant determination to make because plaintiffs abandoned their theory of fraudulent misrepresentation in the fourth amended petition. As discussed above the trial court erred in dismissing plaintiffs' third amended petition. The plaintiffs could have preserved this error by including a count for fraudulent misrepresentation in their fourth amended petition. However, they chose not to do so. Therefore, for the reasons stated, the plaintiffs' first contention that the trial court erred in dismissing their third amended petition has not been properly preserved for appellate review and will not be considered.

Plaintiffs' second contention is that the trial court erred in sustaining defendants Gibbons' motion to dismiss the fourth amended petition. Before we address the plaintiffs' contention we must examine the substance of defendants Gibbons' motion to dismiss the fourth amended petition. This motion was based on two grounds: 1) the failure of plaintiff to timely file the fourth amended petition and 2) the expiration of the ten year statute of limitations for actions on a covenant or warranty contained in a deed of realty, § 516.110(2) RSMo 1978.

---

**3.** This section reads as follows: "A rule that a party waives his objections to the court's dismissal if he elects to amend is too mechanical and seems to be a rigid application of the concept that a Rule 15(a) amendment completely replaces the pleading it amends. Without more, the action of the amending party should not result in completely denying him the right to appeal the court's ruling. By way of contrast, if the motion to dismiss is denied and defendant answers and defends on the merits, he still retains the right to object to the denial of his motion to dismiss on an appeal from the ultimate judgment. Similar principles apply to plaintiff when he unsuccessfully moves to strike a defense as legally insufficient and later serves a reply by order of the court. It therefore is not logical to deny a party the right to appeal simply because he decides to abide by the court's order and amend his pleading rather than allowing judgment to be entered against him and taking an immediate appeal."

**4.** Missouri Supreme Court Rule 55.33(a) is derived from Federal Rule 15(a). However, Rule 55.33(a) does not speak directly to the problem at hand, but is concerned with "amended and supplemental pleadings."

**5.** *Blazer v. Black*, 10 Cir., 196 F.2d 139, 143–144 held that "... while the pleader who amends or pleads over, waives his objections to the ruling of the court on indefiniteness, incompleteness or insufficiency, or mere technical defects in pleadings, he does not waive his exception to the ruling which strikes 'a vital blow to a substantial part' of his cause of action. *Williamson v. Liverpool & London & Globe Ins. Co.*, 8 Cir., 141 F. 54."

■ The supplemental transcript reveals that on April 28, 1978, the trial court sustained the motion to dismiss the third amended petition with prejudice as to defendants Gibbons. On May 5, the trial court on its own motion made the dismissal without prejudice and plaintiffs were granted thirty days to refile. There is no question the trial court had jurisdiction to enter such an order. *State ex rel. Schweitzer v. Greene*, 438 S.W.2d 229, 232 (Mo. banc 1969). On May 18, defendants Gibbons filed a motion to strike the order of May 5. On June 27, 1978, plaintiffs filed the fourth amended petition, nearly three weeks late.

■ Defendants Gibbons argue that Rule 67.06 mandates that such untimely filing is fatal to the fourth amended petition's life. They contend that on June 5, 1978, the thirty-first day after May 5, 1978, an order of dismissal with prejudice should have been entered on the third amended petition. In support of this contention defendants Gibbons point to *Welch v. City of Blue Springs*, 526 S.W.2d 379 (Mo.App.1979) and *Hunt v. Dallmeyer*, 517 S.W.2d 720 (Mo. App.1974). In both *Welch* and *Hunt*, the orders of dismissal were against single defendants. Thus, the orders of dismissal with prejudice became final judgments subject to appeal. Such is not the situation here. On June 6, 1978, there were still remaining two defendants in the case, Feldwisch, Inc. and Guaranty Land Title, Inc.[6] Due to the fact of multiple defendants,[7] a final judgment in favor of defendants Gibbons could not have been entered at that time, unless the trial court's order had been specifically designated final for purposes of appeal. *State ex rel. Schweitzer v. Green*, 438 S.W.2d at 231–232, Rule 81.06.

■ The motion to strike the May 5, 1978 order was not ruled upon until August 8,

1978, at which time it was denied. Although the plaintiffs had filed their fourth amended petition in June they filed a formal request for extension of time to file the fourth amended petition on September 22, 1978. Plaintiffs asserted excusable neglect for failing to file within the thirty day period. In ruling upon defendants Gibbons' motion to dismiss, the trial court dismissed the petition based upon the expiration of the statute of limitations. This ruling could have been accomplished only by recognizing the petition as validly filed. In as much as it is a settled rule that we are to presume that a court of general jurisdiction proceeds by right and not by wrong, the trial court must have concluded that the failure of the plaintiff to timely file the fourth amended petition was the result of excusable neglect. *Securities Acceptance Corp. v. Hill*, 331 S.W.2d 158, 160 (Mo.App.1960), Rule 67.06. Thus, we are constrained to hold that the trial court's dismissal was founded upon the expiration of the statute of limitations and not based upon plaintiffs' failure to timely file their fourth amended petition.

We now turn to plaintiffs' second point on appeal which alleges that the trial court erred in sustaining defendants Gibbons' motion to dismiss plaintiffs' fourth amended petition. As discussed above, the trial court's dismissal was based upon the expiration of the ten year statute of limitations for actions on a covenant or warranty contained in a deed conveying realty, § 516.-110(2) RSMo 1978. The trial court ruled that the fourth amended petition did not relate back to the filing of the original petition. The original petition had been filed within 4 days of the expiration of the 10 year statute of limitations period. Plaintiffs argue that the amendment relates back to the date of the original petition pursuant to Rule 55.33(c). We agree.

**6.** Rule 67.06 provides in part that: On sustaining a motion to dismiss a claim ... the court shall freely grant leave to amend and shall specify the time within which the amendment shall be made or amended pleading filed. If the amended pleading is not within the time allowed, final judgment of dismissal with prejudice shall be entered on motion except in cases of excusable neglect; in which cases amend-

ment shall be made promptly by the party in default.

**7.** A motion for summary judgment in favor of defendant Feldwisch, Inc. was granted on June 2, 1978. However, plaintiffs Scotts were granted 30 days to replead. Also the two counts against Guaranty still remained.

Rule 55.33(c) was adopted in 1973 and provides, in part that: "Whenever the claim ... asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Applying Rule 55.33(c) it is apparent that the trial court should have held that the amended petition related back. In their original petition plaintiffs asserted claims which arose out of their purchase of a parcel of real estate. Plaintiffs' fourth amended petition also asserted claims which arose out of that same transaction. Thus, the fourth amended petition must relate back to the date of the filing of the original petition. *Hawkins v. Hawkins*, 533 S.W.2d 634, 638 (Mo.App.1976). The trial court's order dismissing plaintiffs' fourth amended petition is therefore reversed.

Defendants Gibbons also argue that because the fourth amended petition was not filed within the thirty days granted by the trial court, the order of dismissal must be affirmed in any event. However, we will not address this contention because the court's ruling specified its basis as being the expiration of the statute of limitations.

Affirmed in part, reversed and remanded in part.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.