# W. B. COULSON et al. v. MYRTLE B. COULSON, Appellant.

### Division One, March 17, 1904.

1. **SETTING ASIDE DEED: Right of Heirs.** An heir has no better title to land than his ancestor had at the time of his death, and in attacking a deed made by the ancestor in his lifetime the heir stands in the ancestor's shoes. If the deed could not have been avoided at the suit of the ancestor in his lifetime, it can not be avoided at the suit of the heir after the ancestor's death.

2. ———: **Delivery of Deed.** The delivery of a deed so far as the grantor is concerned is a matter of intention, and where the intention clearly appears the act in pursuance thereof will constitute a delivery.

3. ———: ———: **Recording: Renouncement: Acceptance.** The mother of plaintiffs went to a notary and had him draw up a deed in which she conveyed the land in suit to plaintiffs, who did not live with her, charging them with the payment to her foster child of $30 each annually until she should reach the age of twenty-one, retaining a lifetime interest in herself, and providing that if the foster child survived either of the plain-

tiffs the title was to vest absolutely in the child. She directed the notary to send the deed to the recorder to be recorded; that was done, and the deed was returned to the notary, who kept it until her death four months later. The plaintiffs knew that their mother had made the deed, they had seen the record of it before her death, and claimed title under it shortly after her death. *Held*, first, that the law will imply a delivery of the deed and an acceptance by the infant child, and, second, under the circumstances, an acceptance on the part of plaintiffs.

4. **INFANTS: Guardian Ad Litem: Practice: Estoppel.** The duty of having a guardian *ad litem* appointed by the court for an infant defendant devolves on the adult plaintiffs, and if they fail to ask the court to appoint the guardian *ad litem* they will not be heard to say, while they were attempting to obtain a decree which they could not lawfully have otherwise obtained, that no guardian *ad litem* was appointed.

5. ———: ———: **Recitals In Record.** Recitals in the decree that a guardian *ad litem* was appointed for an infant defendant import verity.

Appeal from Adair Circuit Court.—*Hon. N. M. Shelton,* Judge.

REVERSED AND REMANDED (*with directions*).

*Millan & Greenwood* with *Rieger & Rieger* for appellant.

(1) The petition does not state facts sufficient to constitute a cause of action against defendant. The petition seeks to set the deed aside. The only causes stated are that plaintiffs are the only children of Margaret Coulson, that defendant was not related to her, that the deed was never delivered, that neither plaintiffs or defendant knew of it until after the death of Margaret Coulson. As it is not essential that a deed to a minor that has been recorded be delivered, or that the minor have knowledge of it, the petition fails to state a case. Sneathen v. Sneathen, 104 Mo. 201; Tobin v. Bass, 85 Mo. 654; Standiford v. Standiford, 97 Mo. 231. (2) The estate or interest granted to Myrtle Bridges Coulson is perfectly legal and prop-

erly conveyed.    McCullock v. Holmes, 111 Mo. 445;
Utter v. Sidman, 170 Mo. 284.    (3)  Mrs. Coulson's
declarations to the notary were clearly admissible as
part of the *res gestae* and to show her interest in making
the deed.    Snyder v. Free, 114 Mo. 371.

*C. E. Murrell* and *Campbell & Ellison* for respond-
ents.

Acceptance of the conveyance by the grantee is
necessary to its validity, and as respondents did not
accept the conveyance, the title did not pass from the
grantor.    Ebersole v. Rankin, 102 Mo. 488; Coleman
v. Drane, 116 Mo. 387.    The conditions of the deed
could not operate as a conveyance; the conveyance must
have been to the grantees, and as it lacked the essential
of acceptance by them, no title could pass to the appel-
lant, whose name appears only in the conditions of the
instrument.    Where there is no grant in premises of
deed the habendum can not operate as a conveyance;
the office of the habendum is to limit or qualify the con-
veyance; it can not divest or convey.    Brown v. Man-
ter, 53 Am. Dec. 323; Rines v. Mansfield, 96 Mo. 394.
A delivery of a deed to one of two grantees, without
acceptance by the other, is void as to the one not ac-
cepting.    Baxter v. Baxter, 44 N. C. 341.    And as the
grantees in this case dissented, the title remained in
the grantor, even though the grantor intended a deliv-
ery of the instrument.    Moore v. Flynn, 25 N. E. 844;
Treadwell v. Bulkley, 4 Am. Dec. 255.    Conditions in
a deed can only be reserved to the grantor or his heirs.
Jones, Real Estate, sec. 723; Jones v. Co., 79 Mo. 97;
Nicholls v. Co., 12 N. Y. 121.    In this case the condition
in the deed is not reserved to the grantor or her heirs,
and is therefore void.    Such conditions can not be re-
served to a stranger.    The provision in the deed that
upon death of one of the grantees it shall go to a per-
son not named in the grant, is void.    The provision that
upon death of either of the respondents, the title shall

vest in appellant, is void.   Such disposition can not be made by deed.   Wilson v. Cockrell, 8 Mo. 1; Vaughn v. Guy, 17 Mo. 430; Palmer v. Cook, 42 N. E. 796; Hastings v. Merriam, 117 Mass. 245.

VALLIANT, J.—This is a suit in equity to set aside a deed made by the plaintiffs' mother in her lifetime.   The ground on which the validity of the deed is assailed is that it was not delivered, the ground on which equity jurisdiction is invoked is that the deed, being on record, clouds the title of the plaintiffs.

The land covered by the deed is a farm of 100 acres in Macon county; it was the property of the plaintiffs' mother who died intestate, leaving these two plaintiffs her only heirs.   The deed is in the words following:

"This deed witnesseth—That Margaret A. Coulson, single, party of the first part, in consideration of the sum of one dollar to her paid, do hereby grant, bargain and sell, convey and confirm unto J. A. Coulson and W. B. Coulson, parties of the second part, of the following described real estate, situated in the county of Macon and State of Missouri, to-wit: the northeast quarter of the northeast quarter, and the southeast quarter of the northeast quarter and the south half of the southwest quarter of the northeast quarter of section twenty-four (24), township sixty-one (61), range fifteen (15), Adair county, Missouri, containing in all one hundred acres more or less.

"Hereby covenanting that she will warrant and defend the title to said premises against the claims of every person whomsoever—except all taxes that are due or may become due.   It is also agreed and understood that the said above described land shall not be subject to or used in any way as security for notes or other debts by said parties of the second part.   It is agreed to and a part of the consideration herein that

the said J. A. Coulson and W. B. Coulson, the said parties of the second part, shall each of them contribute and pay over to my daughter, Myrtle Bridges Coulson, thirty dollars each cash in hand, each and every year from and after the death of the grantor herein and each of the said parties of the second part shall continue to pay said amount, each, yearly to said Myrtle Bridges Coulson, until she shall become twenty-one years of age—should said Myrtle Bridges Coulson attain such age—but should the said J. A. Coulson and W. B. Coulson, the said parties of the second part, die prior to the said Myrtle Bridges Coulson, or should the said Myrtle Bridges Coulson survive the said J. A. Coulson and W. B. Coulson, or either of them, then all of the above described lands shall be vested absolutely in Myrtle Bridges Coulson. It is further agreed and understood that all of the above described lands shall remain in full and absolute charge and control of the said Margaret A. Coulson, said party of the first part, during all of her natural life. Should the said J. A. Coulson and W. B. Coulson, or either of them, fail or refuse to comply with any or all of the provisions and agreements of the foregoing, they or either of them shall forfeit all right, title and interest in and to the above described real estate and the title to the same shall be vested in said Myrtle Bridges Coulson.

"Witness my hand this day of —— A. D., 190--.

"MARGARET A. COULSON."

It was duly acknowledged on May 1st, and recorded on May 7th, 1900.

At the time of making the deed Mrs. Coulson lived in La Plata, her two sons, the plaintiffs, who were then aged 44 and 46 years respectively, did not live with her; the only person, so far as the evidence shows, who did live with her was the defendant, whom she described in the deed as "my daughter Myrtle Bridges Coulson." Myrtle was not in fact her daughter, but had been taken

when she was four years old by Mrs. Coulson and reared in her household; at the date of this deed the child was thirteen years old. The evidence as to the execution of the deed was to the effect that on May 1, 1900, Mrs. Coulson accompanied by Myrtle went to the office of a notary public in La Plata and requested him to write the deed which he did as she dictated, then she acknowledged it in due form (the acknowledgment being duly certified), and requested him to send it to the circuit clerk of the county to be recorded, which he did, and the deed was duly recorded. It was returned by the clerk after being recorded to the notary, who held it in his keeping until after the death of Mrs. Coulson. She died intestate within three or four months after executing the deed.

There was testimony on the part of the defendant tending to show that the plaintiffs knew that the deed had been executed and had seen the record of it; also that shortly after the death of their mother, in a suit relating to the rents, they claimed title under the deed. There was also evidence of a conversation between the mother and one of the plaintiffs in which he spoke angrily to her about her having made the deed, and she replied that he had never done anything for her and that she intended the child to have the farm.

The court found the issues in favor of the plaintiffs, and decreed that the deed "be set aside and held for naught as to plaintiffs wherein any interest is attempted to be created in defendant, and the title in fee is absolutely decreed and adjudged in plaintiff." From that judgment the defendant appeals.

The plaintiffs make no claim as purchasers of this land; they set up no contract title to it. They did in the beginning, in their petition, set up a claim by contract, but at the opening of the trial they expressly abandoned it.

The only title they claim is that by inheritance from their mother, whose deed they seek to set aside.

An heir has no better title than his ancestor had at the time of his death—the heir takes the title in the condition in which his ancestor left it. In their attack on this deed these plaintiffs stand in their mother's shoes —if the deed could have been avoided by her it can be avoided by the plaintiffs—if it was binding on her it is binding on them. They could not, against their will, be forced to take title under the deed; if they have never accepted it they may renounce it as they now claim to have done, but when they elect to come in as heirs they take what their ancestor had, if anything, at the time of her death.

The only ground on which the deed is assailed is its alleged non-delivery, and the only estate that is sought to be destroyed is that granted to the infant defendant.

The delivery of a deed so far as the grantor is concerned is a matter of intention, and where the intention clearly appears the act in pursuance thereof will be construed to constitute a delivery. [Sneathen v. Sneathen, 104 Mo. 201; Standiford v. Standiford, 97 Mo. 231; Tobin v. Bass, 85 Mo. 654.]

Tested by that rule there can be no doubt that this deed was delivered in so far at least as it affects the rights of the infant grantee. Mrs. Coulson intended by her act to do everything that was necessary to accomplish the deed of gift to her foster child. She took the child with her to the notary, dictated the deed, and when it was written she signed, sealed and acknowledged it, and delivered it to the notary to send to the recorder of deeds that it might be placed on record and thus proclaimed to the world. She intended the deed to operate as a present transfer of the interests therein specified and to place it beyond her power to recall. Her acts at the time and her conduct thereafter showed that to be her intention. Under those circumsances the law will imply a delivery and an acceptance by the infant.

[Pearce v. Dansforth, 13 Mo. 360; Kane v. McCown, 55 Mo. 181; Burke v. Adams, 80 Mo. 504.]

We think, also, that the evidence shows that these plaintiffs knew that their mother had made this deed, that they had seen the record of it before her death and had claimed title under it shortly after her death. From those facts the law will imply an acceptance on their part.

The point is made by respondents that the record does not show that a guardian *ad litem* was appointed for the infant defendant. The duty of having a guardian *ad litem* appointed by the court devolved on the respondents and they should not be heard to say that that was not done while they are attempting to maintain a decree which they could not have lawfully obtained until such a guardian had been appointed. But the respondents are mistaken in point of fact in that particular. The decree recites, and its recitals of such facts import verity, that a guardian *ad litem* was appointed and that the infant appeared and defended by her guardian *ad litem* and by him prosecutes this appeal. The record also shows that the infant by such guardian took all the necessary steps subsequent to the decree to bring the cause properly before this court for review.

The trial court reached an erroneous conclusion on the question of the delivery of the deed. The judgment is reversed and the cause remanded to the circuit court with directions to enter judgment for the defendant and dismissing the plaintiffs' bill. All concur.