THE STATE ex rel. NORA L. S. LUNSFORD, WIL-
LIAM G. LUNSFORD and FIDELITY DEPOSIT
COMPANY OF MARYVILLE v. THAD B. LAN-
DON, Judge of Circuit Court, and W. H. DAVIS.

In Banc, October 9, 1924.

1. **DEPARTURE: Waiver: Appearance.** A claim that plaintiff in his
third amended petition has departed from the cause of action stated
in his original petition is waived by answering to the merits. The
waiver does not depend upon the defendant's going to trial; he
waives the departure when he appears to the new cause of action
stated in the amended petition and files answer thereto.

2. ———: ———: **Compelled to Answer: Certiorari.** The complaint
of defendants that they were ordered by the court to answer plain-
tiff's amended petition and that therefore they did not by answer-
ing to the merits waive their contention that the amended peti-
tion was a departure, is not well grounded where the record shows
that they were given ten days in which to answer, which allowed
them plenty of time to apply to this court for a writ of *certiorari*
or prohibition, and they filed their answer within the ten days
and waited three months to make such application.

3. ———: **Jurisdiction: Motion to Strike Out: Error: Certiorari.** The
trial court had jurisdiction to overrule defendants' motion to
strike out certain portions of plaintiff's amended petition asserting
that said petition was a departure, and if it erred in overruling the
motion, it was error that may be reviewed on appeal or writ of
error, and *certiorari* is not available.

4. **CERTIORARI: When Available.** The writ of *certiorari* is avail-
able only where the court to which it is directed either has no
jurisdiction, or acts in excess or abuse of its jurisdiction, or where
relators have no remedy by appeal or writ of error. The writ does
not lie merely because the remedy by appeal is inadequate in some
particulars. [Refusing to approve minority opinion in State ex
rel. v. Guinotte, 156 Mo. 513.]

5. ———: Attachment: Motion to Vacate Bond Given to Dissolve.
Plaintiff brought suit by attachment, and summoned as garnishee
a bank in which the money of defendants was deposited, and said
money was ordered paid into court. Thereupon defendants fur-
nished a bond conditioned that they would pay any amount which

State ex rel. Lunsford v. Landon.

might be adjudged against them in the case, and the attachment was dissolved. Thereafter, plaintiff filed an amended petition, which defendants claim was a departure from the original cause of action, and they therefore filed a motion to vacate their said dissolution bond, or to greatly reduce the penal sum thereof, which motion was overruled. *Held*, that, if defendants are correct in their claim that the amended petition states a totally different cause of action and is therefore a departure, they and their surety have a complete and adequate defense to a suit on the bond, and *certiorari* is not available to review the action of the court in overruling their said motion to vacate their bond. The court had jurisdiction to either sustain or deny the motion.

6. ———: Inadequate Remedy: Delay and Expense. If the court had jurisdiction and there is a remedy by appeal or writ of error, it is unnecesary to inquire about any other remedy, for the remedy is adequate in the sense required if by writ of error or appeal the errors committed by the trial court may be reviewed. If that remedy is inadequate merely in the sense that it causes delay or expense, this court will not entertain *certiorari* as a more prompt and less expensive remedy.

---

Headnotes 1 and 2: **Pleading**, 31 Cyc. 751. Headnotes 3 to 6: **Certiorari**: 3, 11 C. J. sec. 57; 4, 11 C. J. sec. 26; 5, 11 C. J. sec. 53; 6, 11 C. J. sec. 58.

## *Certiorari.*

WRIT QUASHED.

*Scarritt, Jones, Seddon & North* for relators.

(1) The motion to quash admits the facts stated in the petition for the writ and in the return. 6 Cyc. 817; 11 C. J. 190. (2) The trial court erred in refusing to strike out the first three counts of the third amended petition on the ground of departure. One may not substitute an entirely different cause of action in his amended petition for that originally declared upon in his first petition. Sec. 1274, R. S. 1919; Heman v. Glann, 129 Mo. 325; Ross v. Land Co., 162 Mo. 317; Lumpkin v. Collier, 69 Mo. 170; Ingwerson v. Railroad, 205 Mo. 328; Wasson v. Boland, 136 Mo. App. 622;

Maloney v. B. & L. Assn., 57 Mo. App. 384.   (3)   A contract of sale is executed and supplanted by a deed made in pursuance thereof.   Frisbie v. Scott, 199 Mo. App. 131; Corrough v. Hamill, 110 Mo. App. 53.   (4)   *Certiorari* is the proper remedy here.   State ex rel. v. Guinotte, 156 Mo. 513; State ex rel. v. Wurdeman, 254 Mo. 561; State ex rel. v. Smith, 176 Mo. 90; State ex rel. v. Wiethaupt, 254 Mo. 319.

*Stone, McDermot, Webb & Johnson* and *Gamble, Trusty & Pugh* for respondent.

(1)   The writ should be quashed, because no showing is made of (a) absence, excess or abuse of the jurisdiction of the trial court; (b) absence of the right of appeal; (c) lack of any other adequate remedy; (d) or final order of the court below.   State ex rel. v. Goodrich, 257 Mo. 40; State ex rel. v. Weithaupt, 254 Mo. 319, 329; State ex rel. v. Wurdeman, 254 Mo. 561.   (2)   All questions as to whether the third amended petition· violated the rule against substitutions was waived when relators answered to the merits thereof.   R. S. 1919, sec. 2515; Liese v. Meyer, 143 Mo. 547, 556; Bryan v. Railroad, 292 Mo. 535.   (3)   The trial court had the right to refuse to strike out the first three counts of the third amended petition where, as here, the original and the assailed parts of the amended petition   (a) preserve a general identity of the transaction forming the cause of complaint which originally was defectively or only partly described; (b) do not contradict each other; (c) ask the same relief; (d) differ only in that the last petition assigns additional reasons for the same relief.   Clothing Co. v. Railway Co., 71 Mo. App. 241; Rippee v. Railroad, 154 Mo. 358; Stewart v. Van Horn, 91 Mo. App. 647; Walker v. Railroad, 193 Mo. 453; Cytron v. Transit Co., 205 Mo. 692; Hanson v. Traction Co., 226 S. W. 1; Montague v. Railway, 289 Mo. 288. (4)   That the petition was amended by eliminating one

of the original defendants and amplifying the causes of action stated in the original petition, does not warrant the quashing of the bond given by defendants and their surety to dissolve the attachment. Solomon v. Bushler, 129 Ill. App. 176; Busch v. Farwell, 66 U. S. (1 Black) 566, 17 L. Ed. 188; Fogel v. Dussantt, 141 Mass. 134; R. S. 1919, secs. 1373, 1522, 1772, 2891; Hood v. Mathis, 21 Mo. 308, 51 L. R. A. 655, 42 L. R. A. (N. S.) 484; Post v. Shaffer, 63 Mich. 89; Larson v. Hanson, 26 N. D. 406.

WHITE, J.—The relators by this proceeding seek to quash the record of the Circuit Court of Jackson County, in a case wherein W. H. Davis is plaintiff, and Nora L. S. Lunsford and William G. Lunsford are defendants, and the property of defendants attached.

The Fidelity Deposit Company, not a party to the action, is surety on the defendants' bond to dissolve the attachment levied on defendants' property. The facts appear in the petition of relators for the writ and respondent's return to the same. The respondent, after filing his return, moved to quash the writ.

The plaintiff Davis, in his first petition, stated his case in five counts against the defendants named above, and William G. Lunsford, Jr. In the first count he alleged that October 1, 1918, he entered into a contract with the defendants whereby he was to convey to defendants certain lots in Kansas City, in consideration of which the defendants were to convey to him 7,000 acres of land in Hale County, Alabama, free and clear of encumbrances, of the value of $37.71 per acre; that the plaintiff, in accordance with the agreement, conveyed his Kansas City property, but defendants refused to convey the 7,000 acres; in fact, conveyed only 6,678 acres, which was 322 acres short of what they agreed to convey, whereby the plaintiff was damaged in the sum of $11,497.62, for which he asked judgment.

The second count alleged that the land conveyed by the defendants was encumbered by a mortgage for $980, due January 1, 1909, wherefore the plaintiff was damaged in the sum of $980 and interest, for which he asks judgment.

The third count alleged that the land was encumbered by a mortgage for $1020, bearing interest from January 1, 1910; judgment was asked for that sum and interest.

The fourth count alleged an encumbrance of $1500, bearing interest from January 1, 1911. Judgment was asked for that sum and interest.

The fifth count alleged that the plaintiff purchased of the defendants a safe, price $600, the combination of which the defendants agreed to furnish to the plaintiff but failed to do so, thereby damaging the plaintiff to the extent of $600, for which he asks judgment.

The contract, mentioned in the petition as "Exhibit A," is of great length, and states in detail the arrangement between the parties; attached to it are schedules "A" and "B." Schedule "A" mentions the Alabama land of the defendants. Schedule "B" describes plaintiff's Kansas City land and recites that it consists of the Coates House property and other property; that defendants were to borrow $100,000 on the property, of which $40,000 was to be paid to the plaintiff, and the balance to be retained by the defendants; that the defendants were to give a note of $90,000 to the plaintiff; other conditions are mentioned in the schedule.

A writ of attachment was asked and issued on the ground that the defendants were non-residents of the State of Missouri, and the Coates House attached. Defendants filed their joint answer to the petition, and moved the court to dissolve the attachment because the only ground for it alleged was the non-residence of the defendants. Thereupon the plaintiff filed an attachment bond in the sum of $34,537.50, and the motion to dissolve was overruled.

In addition to the attachment of the real estate the lessee of the Coates Hotel Company and the bank in Kansas City in which defendants had their funds, were garnished, and $6,000 of the money of defendants was ordered paid into court. Whereupon the defendants furnished a bond in the sum of $19,000, with the Fidelity & Deposit Company of Maryland, as surety, conditioned that the defendants would pay any amount which might be adjudged against them in the case, and the attachment was dissolved.

Thereafter, an amended and a second amended petition were filed by the plaintiff, the proceedings in relation to which need not be noticed.

On March 9, 1922, the plaintiff filed a third amended petition in four counts. On March 13, 1922, the defendants filed a motion to strike out the first, second and third counts of the third amended petition on the ground of departure, which motion, on July 7, 1922, was by the court overruled. The defendants moved for a re-hearing upon the motion, and September 16, 1922, the motion for re-hearing was overruled. On October 2, 1922, the defendants Nora L. S. Lunsford and William G. Lunsford filed an answer to the third amended petition. On October 9, 1922, the plaintiff filed a reply to said answer.

On October 10, 1922, the defendants filed a motion to vacate the attachment dissolution bond, or materially reduce the penal sum thereof. On the same day the Fidelity & Deposit Company of Maryland filed an application to vacate or reduce the defendants' attachment dissolution bond. December 2, 1922, the two motions were overruled, and in January, 1923, the defendants applied to this court for writ of *certiorari*, and March 3, 1923, the writ was issued.

It is claimed by the relators that the circuit court exceeded its jurisdiction in overruling the motion of the defendants to strike out parts of the third amended petition, and in overruling the two motions to vacate or

reduce the attachment dissolution bond; that the relators have no remedy by appeal, and that *certiorari* is the proper remedy to correct such errors.

The first count of the third amended petition alleges the exchange of real estate as set out in the first amended petition by a contract dated October 1, 1918, relating more in detail the terms of the contract. It recites the execution and delivery of the deeds and alleges that November 8, 1918, defendant W. G. Lunsford tendered to plaintiff, in fulfillment of the contract, a certain deed which in several particulars did not conform to the requirements of the contract; that among other things the deed did not include 322 acres of the land the contract called for; that the plaintiff refused to accept the deed; that in addition to the tender of the deed the defendants also tendered an agreement in writing under date of November 1, 1918, which stipulated that the defendants would procure a title to the additional 322 acres and convey the land to the plaintiff by good and sufficient warranty deed; that defendants would discharge all the encumbrances against the said property, all of which is evidenced by two contracts marked exhibits "C" and "D;" that the plaintiff in consideration of the undertakings of the two contracts accepted the deed and the said contracts. It is then alleged that the defendants wholly failed to convey the land and to make up the shortage of 322 acres whereby the plaintiff was damaged in the sum of $11,948.62, for which he asks judgment.

The second count refers to the allegations in the first count, alleges the delivery of the deed and the contract of November 8, 1918, and alleges that two encumbrances on the land at the time, one for $980, and one for $1020, were not released as agreed, which damaged plaintiff in the sum of $2,000 and interest, for which he asks judgment.

The third count refers to the allegations of the first count for the facts in relation to the deed and the

contract, reciting another mortgage of $1,500, which the defendants failed to remove from the land conveyed, to the damage of plaintiff in the sum of $1,500, for which he asks judgment.

The fourth count is the same as the fifth count of the original petition, asking $600 damages for failure to furnish the combination to a safe.

The motion of defendants sought to strike out the first, second and third counts of the third amended petition. In the original petition William G. Lunsford, Jr., was made a party defendant; in the third amended petition his name is omitted because he was not a party to the contract of November 8, 1918.

The above is a sufficient statement of the record for determination of the questions presented.

I.  The original petition counts on a contract of October 1, 1918, for the exchange of property, failure of the defendants to convey 322 acres, and failure to remove encumbrances from the land conveyed. The third amended petition counts on a contract made November 8, 1918, whereby the defendants agreed to make good the shortage and to remove the encumbrances. Relator claims that this is a departure and that the circuit court had no jurisdiction to proceed to consider the case under the third amended petition. This applies to all excepting the fifth count in the original petition and the fourth count in the third amended petition, those being identical.

*Departure: Waiver.*

The respondent Davis claims that the defendants waived their right to complain of this departure, if it was one, by answering to the merits. The authorities support that position. [Liese v. Meyer, 143 Mo. l. c. 556; Bryan v. L. & N. R. R. Co., 292 Mo. l. c. 542.] The relators assert that there was no waiver unless the defendants not only answered but went to trial. In such a case a waiver is ruled on the theory that, by answering, a defendant *appears* to the new cause of action; such an

appearance is just as effective by filing an answer as by going to trial on it.

The Lunsfords, defendants, complain that they were ordered to answer to the third amended petition and had no choice in the matter. The court, September 16, 1922, in overruling their petition to strike out parts of that petition, gave them ten days in which to answer, which allowed defendants plenty of time to apply to this court for writ of *certiorari* or prohibition. Instead of doing that, however, the defendants not only answered but waited more than three months before proceeding to get the case before this court on *certiorari*.

II. Did the trial court have jurisdiction to entertain the motion to strike out, and the motions to vacate or reduce the attachment dissolution bond? Jurisdiction: If it had jurisdiction to sustain the motions Error. filed by the relators it certainly had jurisdiction to overrule them. If defendants were correct, and the third amended petition was a departure, the overruling of their motion was an error, which may be reviewed by this court on appeal or writ of error.

The writ of *certiorari*, this court has several times decided, performs the same office in this State that it did at common law. [State ex rel. v. Goodrich, 257 Mo. 47-48.] The writ is applicable where the court to which it is directed either has no jurisdiction or acts in excess or abuse of its jurisdiction, or where there is *no* remedy by appeal or writ of error. [State ex rel. v. Shelton, 154 Mo. 1. c. 690-691; State ex rel. v. Mosman, 231 Mo. 483; State ex rel. v. Smith, 101 Mo. 174; State ex rel. v. Wurdeman, 254 Mo. 1. c. 569.]

In the Mosman Case, at the page cited, it was said: "Where such tribunal has jurisdiction and its action can be reviewed by appeal or writ of error, *certiorari* will not lie."

The Shelton Case considers the subject at length and announces the doctrine stated. That case is a leading one, and has been cited in many later cases.

The writ does not lie merely because the remedy by appeal is inadequate in some particulars. The relators quote from the opinion of Judge SHERWOOD in the case of State ex rel. v. Guinotte, 156 Mo. 513, where it is said that if the exigencies of the case are such that the methods of appeal are inadequate either in point of promptness or completeness so that a partial failure of justice may result, *certiorari* may issue. Relators base their argument upon that point, and quote the opinion at length. That expression, however, was not the opinion of the court. A majority of the court did not agree with the language of Judge SHERWOOD in that part of the opinion; only one judge concurred in it. This indicates that that exposition quoted is not the law. The alleged error of the trial court in overruling the defendants' motion can be corrected on appeal unless the defendants waived it by answering.

The relators complain that the trial judge first delivered an opinion in which he held that the motion to strike out was well taken; that the third amended petition was a departure, but afterwards, instead of following that course, he overruled the motion. We have hardly yet got to the point where we can say that a circuit judge has not jurisdiction to change his mind.

IV. Relators assert that the motion to vacate the bond given to dissolve the attachment is on a different basis. The bond was given to secure the payment of any judgment which might be obtained upon an original petition and not on the third amended petition, which, it is claimed, states a totally different cause of action. If they are correct, the remedy of the defendants and of the Surety Company is complete and adequate in defense of an action on the bond. The court certainly had jurisdiction to pass on those motions. If it had jurisdiction to sustain them it had jurisdiction to overrule them.

**Dissolution Bond.**

In addition to announcing the rule that *certiorari* lies in the absence or excess of jurisdiction, and when the

court has jurisdiction but there is no remedy by appeal or writ of error, the relator asserts it lies where "there is no other adequate remedy." If there is a remedy by appeal or writ of error it is unnecessary to inquire about any other remedy. The holding of the majority in the Shelton Case shows that the adequacy of the remedy in all particulars is not essential. The remedy is adequate in the sense required, if on appeal or writ of error the errors committed by the trial court *may be reviewed*. If that remedy is inadequate merely in the sense that it causes delay or expense, the court will not entertain a writ of *certiorari* as a more prompt and less expensive remedy. The circuit court had jurisdiction to make the orders complained of.

The writ was improvidently issued and therefore is quashed. All concur; *Graves, J.,* in the result.