RUTH BUSHMAN ET AL., Appellants, v. ESTELLE PEPER BARLOW ET AL. —15 S. W. (2d) 329.

Court en Banc, February 11, 1929.

*N. Murry Edwards* and *McLaran & Garesche* for appellants.

1054

*Harry H. Haeussler, Foristel, Mudd, Blair & Habenicht* and *Charles J. Macauley* for respondent.

WALK,ER, J.—This is a suit to set aside certain deeds made by Caroline J. Peper, long since deceased, to Estelle Peper Bushman Barlow, and for the appointment of a receiver. It was originally brought in the names of Christian Peper Bushman and his wife, Anna Bushman, as plaintiffs, against Estelle Peper Bushman Barlow and Christian Peper, a minor, as defendants.

Christian Peper Bushman and Estelle Peper Bushman Barlow are brother and sister of the full blood, Christian Peper is their nephew and the son of a deceased brother. The brother and sister are the children of Caroline J. Peper, and the minor defendant is her grandson. Caroline J. Peper in her young womanhood married one F. W. Bushman. Later she divorced him, and it was decreed that she should resume her maiden name of Peper. The first named plaintiff and defendant in this suit, are the offspring of this marriage, as was the father, now deceased, of the minor defendant, who chose to be known by his mother's maiden name. Estelle Peper Bushman, before this suit was filed, married one Stephen H. Barlow. On January 15, 1926, the death of the plaintiff, Christian Peper Bushman, having been suggested in the formal manner required by our procedure, this suit was revived in the name of Ruth Bushman, his daughter of lawful age, and in that of Anna Bushman, his widow, as curatrix of their minor son, Frederick Peper Bushman, and as administratrix of the estate of her husband, the deceased Christian Peper Bushman, and it was ordered that they be made parties plaintiff.

This is the fourth amended petition filed in this case. The former petitions were held insufficient on demurrers.

At the time of the sustaining of the demurrer to the third amended petition the defendant, Estelle Peper Bushman, by motion directed the court's attention to the fact that the petition then filed and held by the court to be insufficient was the plaintiffs' third amended petition and prayed the court to render judgment in favor of the defendants as provided by statute. [Sec. 1252, Chap. 12, Art. V, R. S. 1919.] Before this motion was passed upon the plaintiffs filed the fourth amended petition. The defendants thereupon filed a demurrer

to said petition on the ground that neither of the two counts of the same stated a cause of action. The court, in sustaining this demurrer, entered of record the following order:

"Demurrer of defendant, Estelle Peper Bushman Barlow, to the first and second counts of plaintiffs' fourth amended petition is sustained for the reason that the court feels that this matter has been fully gone into by the Supreme Court and the issues decided adversely to plaintiffs."

Thereafter, on the 24th day of August, 1926, during the June term of the Circuit Court of the City of St. Louis, the defendants' demurrer to plaintiffs' fourth amended petition having theretofore been sustained, and all of the plaintiffs in open court having elected to stand upon their fourth amended petition and having declined in open court to plead further, judgment was entered in favor of the defendant Estelle Peper Bushman Barlow, in the words following:

"Now at this day come the plaintiffs, by their respective attorneys, and in open court announce their intention to stand upon the fourth amended petition as filed in the above-entitled cause, and thereby refuse to plead further in this cause; and it appearing to the court that a demurrer to the fourth amended petition was sustained by this court on the 21st day of December, 1925, and the court having duly considered the same, and being sufficiently advised thereof, doth find in favor of the defendant, Estelle Peper Bushman Barlow, on the pleadings.

"Wherefore, it is considered, adjudged and decreed by the court that plaintiffs take nothing by their suit in this behalf as to said defendant, Estelle Peper Bushman Barlow; that said defendant be discharged, go hence without day and have and recover of the plaintiffs the costs of this suit and that execution issue therefor."

I. The face of this record, despite the meagerness of the abstract, presents many familiar features. We have had occasion in two former cases (Bushman v. Bushman, 311 Mo. 551, 279 S. W. 122, and Bushman v. Barlow, 316 Mo. 916, 292 S. W. 1039) to review and rule upon the integrity of the deeds in controversy, and as a consequence to determine, under the facts then submitted, the right to the title of the land described therein. The relevancy of those rulings to the facts in the instant case, may be determined by comparing and analyzing the latter in connection with those in the former cases. In thus charting a course for the determination of this case the plaintiffs' contentions, measured by the record, are entitled to considerate attention.

Preliminary thereto it is contended by the defendants that, plaintiffs having filed three successive petitions which were held not to state a cause of action, the suit, on defendants' motion, should have been dismissed, as provided in Section 1252, supra. Before this motion was passed upon the plaintiffs tendered the fourth amended pe-

tition, which was permitted to be filed and the defendants' demurrer thereto was sustained on the ground that the petition did not state a cause of action Incidentally, it may be said that the reason stated by the court in ruling upon this demurrer is immaterial, if the result of the ruling was right in law. We have frequently held, and the holdings are in harmony with justice, that a right ruling will not be subjected to assault, although the reason therefor may be erroneous. [Tucker v. Diocese, 264 S. W. (Mo.) 897; Heynbrock v. Hormann, 256 Mo. 21, 164 S. W. 547; Egger v. Egger, 225 Mo. 116, 123 S. W. 928; Johnson v. Franklin Bank, 173 Mo. 171, 73 S. W. 191.]

We may pass, without further consideration, the plaintiffs' contention as to the correctness of the trial court's reasons in sustaining the defendants' demurrer to the fourth amended petition. Whether the issues raised by this petition had been adjudicated in the two cases we have cited (a matter we will subsequently consider) the gist or operative force of the ruling was that the petition did not state a cause of action. As demonstrative of the plaintiffs' recognition of the finality of this ruling they refused to plead further, with the result that the court rendered a formal and final judgment against them, from which this appeal is perfected.

We do not regard it as material to the regularity of this judgment that the name of the minor defendant is not included therein, but on the contrary that by its terms it appears to be rendered solely in favor of the principal defendant, Estelle Peper Bushman Barlow. She is the trustee under her mother's will of the interest and estate of the minor defendant, Christian Peper. His interests are her interests. Passing, therefore, without discussing the question as to whether his name should have been joined with hers as a party defendant, it will be enough to say that a judgment in her favor, as in this case, is a judgment in his favor. The terms of her trusteeship of his estate, as prescribed by the will of Caroline J. Peper, and the duties and obligations thereby imposed, are in no wise lessened by this judgment, but leave her untrammeled to perform with fidelity the conditions of her mother's will. The effect of the judgment, so far as the plaintiffs are concerned, was simply to declare that their petition raised no issue for judicial determination and was a mere gesture. Regarding it as a finality as their appeal attests, they have, therefore, no substantial ground of complaint as to the regularity of the court's order in overruling the same. Rendered in favor of the principal defendant she can urge no tenable objection thereto.

II. The tenuous objections to the regularity of this proceeding in the court below having been disposed of, we come to a consideration of the sufficiency of the petition.

*Imprimis*—It would seem, in view of the uniform rule on the subject, that words need not be wasted in discussing the fallacy of the

plaintiffs' contention that the defendants' demurrer admitted unqualifiedly all the allegations of the petition. It is only by partial and incomplete quotations from the texts that the cases cited by the plaintiffs can be made to apply. To illustrate: In Martin v. Ray Co. Coal Co., 288 Mo. l. c. 253, 232 S. W. 149, the language of the opinion is as follows: "Under a general demurrer, such as is set forth in the first paragraph of the demurrer here, *all facts properly pleaded in the petition,* and all inferences of fact that may fairly and reasonably be drawn therefrom, must be taken as true." In citing this case the words italicized are omitted by the plaintiffs.

In State ex rel. Consl. School Dist. v. Lee, 303 Mo. l. c. 643, in referring to a demurrer, the language is loosely employed that "the demurrer admits the allegations of fact." The meaning of this declaration, as shown by an examination of the subject-matter of the opinion, is that the admission has reference to such facts as are well pleaded. Thus construed, the ruling in that case conforms to the uniform trend of the cases on this subject.

In the case of Baldridge v. Ryan, 260 S. W. (Mo. App.) 536, Judge ARNOLD, speaking for the Kansas City Court of Appeals, says: "It is the established rule that in the consideration of a demurrer the matters charged in the petition must be considered as true. Citations are unnecessary." This incorrect statement of the rule is modified by a subsequent declaration in the opinion to this effect: "The true measure of the sufficiency of a petition on general demurrer is whether the facts stated in the petition, if true, would constitute a cause of action." There is therefore no authority for the contention of the plaintiffs as to the extent to which a demurrer admits the allegations of a petition. The rule is that only such facts are admitted by a demurrer as are well pleaded. [Normandy Consl. Schl. Dist. v. Harral, 315 Mo. 602, 614, 286 S. W. 86; Anderson v. Inter. Dr. Dist., 309 Mo. 189, 203, 274 S. W. 248; Jefferson City Br. & Tr. Co. v. Blaser, 300 S. W. (Mo.) 778, 785; State ex rel. U. S. Bank v. Gehner, 5 S. W. (2d) (Mo.) 40.]

The reason of the rule is evident. Facts well pleaded are those of a substantive nature, necessary to the framing of the issue submitted. Facts not well pleaded are mere flotsam, tending only to obstruct the tide of good pleading and their admission can have no probative force in establishing the matter at issue.

III. The trial court sustained a demurrer to the petition on the ground that it did not state a cause of action. The cause attempted to be stated was one of fraud; while mental incapacity and undue influence are pleaded, they are, from the allegations made in regard thereto, intended by the pleader only as incidental and moving causes in the consummation of the fraud. Generally stated, the petition charges that the respondent, Estelle Peper Bushman Barlow, at a time when

a certain partition suit was pending in the city of St. Louis concerning the property described in the deeds here in controversy, conceived the fraudulent plan and scheme to defraud her mother, Caroline J. Peper, out of said property, and in the consummation of that plan or scheme induced her mother to execute to her the deeds here sought to be set aside. More particularly stated, it is alleged in Count One of the petition that in 1904 the respondent conceived the fraudulent plan to defraud her mother out of the entire or a major portion of her property of which the mother, at that time, had but an eleven-sixtieths interest, and by the terms of the deed of January 14, 1911, respondent induced her mother to convey to her the mother's eleven-sixtieths interest therein. The property described is that alleged to have been conveyed by the deed of January 14, 1911. After a lengthy description of this property and the recital of much irrelevant matter concerning the business transactions had in regard to the property belonging to the estate, it is alleged that a little more than two years after the time of the execution of said deed the St. Louis Union Trust Company et al. instituted a suit in partition to have the property in question partitioned, and that Caroline J. Peper and the respondent were parties defendant in that case; that the circuit court entered of record an interlocutory decree determining the interest of the parties to that suit to the property in question, and that it found that by virtue of the deed, dated January 14, 1911, from Caroline J. Peper to Estelle Peper Bushman Barlow, respondent, and by virtue of the deed of reconveyance from Estelle Peper Bushman Barlow to Caroline J. Peper, dated May 24, 1912, described in the second count of the petition, that said Estelle Peper Bushman Barlow was the owner of an undivided eleven-sixtieths interest in the property involved in the partition suit, being the same property involved in this case, excepting the 104 feet on Washington Avenue on which was situated the residence of Caroline J. Peper.

When this case was in this court on appeal from the refusal of the circuit court to revoke its order appointing the receiver, since Caroline J. Peper was a party to that partition suit in which the question of the validity of the deed dated January 14, 1911, was necessarily involved, she could not, after the decree was entered in that case, no matter how that deed was obtained, question its validity; and that question became, on the entry of the final decree in the partition suit, res judicata. And as the plaintiff, her son, through whom the present plaintiffs are claiming an interest in the property in question, was claiming title through his mother, he was in no better position to raise the question of the validity of that deed than she was. We so held in Bushman v. Bushman, 311 Mo. l. c. 574. That question is therefore settled and the citation of other authorities thereon is unnecessary. As a consequence the question as to the validity of the deed dated January 14, 1911, is foreclosed.

In view of the foregoing it is useless to chop logic to sustain the conclusion that the allegations of the first count of the petition do not state a cause of action based on the fraud of the respondent. If insufficient for that purpose in the Bushman case, supra, they must by parity of reasoning be held insufficient in the instant case.

It is also sought in the first count to set aside a deed made May 22, 1917, by a special commissioner to Caroline J. Peper and Estelle Peper Bushman Barlow in the partition proceedings above referred to. We have shown the finality of that deed; its immunity from attack by Caroline J. Peper herself, and, as a consequence, the lack of power of the original plaintiff, her son, Christian Peper Bushman, who claims through her, to question its validity. [Coulson v. Coulson, 180 Mo. 709; Hamilton v. McLean, 139 Mo. 678.] Aside from this there is no such charge of fraud in the execution and delivery of this deed upon which to base a statement of a cause of action. In addition to the fact that the deed of May 22, 1917, is immune from attack by the plaintiffs for the reasons stated, the general allegations of the petition concerning fraud, not only in regard to this deed, but the others sought to be set aside, fall short of the requirements necessary to state a cause of action. General allegations in regard thereto, more in the nature of conclusions of the pleader than definite statements that fraud was practiced by the respondent in the very act of the procuring of the making of the deeds, will not suffice.

IV. In the second count the integrity of the following deeds is assailed and it is attempted to be charged that they were fraudulently made and executed through and by the inducement of the respondent, viz: (1) From Caroline J. Peper to Estelle Peper Bushman Barlow, dated January 14, 1911, and heretofore discussed; (2) a quit-claim from Estelle Peper Bushman Barlow to her mother, dated May 24, 1912, of the residence or home place of the latter which had theretofore been conveyed to the respondent; (3) a deed dated April 9, 1920, from Caroline J. Peper to the respondent, reconveying to the latter the said residence or home place.

The allegations of Count Two in regard to each of these deeds is couched in general averments; and as in Count One, they are more in the nature of conclusions than statements of fact. They do not charge fraud in such a manner as to base a cause of action thereon. The ruling, therefore, on this count by the trial court in sustaining the demurrer thereto is sustained.

V. While it is enough to authorize the affirmance of this judgment to hold, as we do, that this petition does not state a cause of action, the facts staring us in the face require a further consideration of the matter at issue.

We take, as we should in the proper exercise of our appellate jurisdiction, judicial cognizance of our own records. This rule has application, not only to our records of a former appeal in the same case as to what was done in the premises (Keaton v. Jorndt, 259 Mo. 1. c. 189, 168 S. W. 734 and cases), but as well, to our records of the proceedings in actions formerly pending herein (Custer v. Kroeger, 313 Mo. 1. c. 141 and cases, 280 S. W. 1035). It is a fundamental rule concerning judgments that a determination of any matter by a court of competent jurisdiction is conclusive as to the law and the facts found and adjudged between the parties to the litigation and their privies. The aim and object of judicial proceedings is to end disputes. There could be no end of litigation if the same issue might be contested by the same parties an indefinite number of times.

The case of Bushman v. Bushman, 311 Mo. 551, 279 S. W. 122, was the same in all of its material features as that at bar. The parties (except for the necessary change made by reason of the death of Christian Peper Bushman) are the same as in the instant case; the subject-matter in each is the same, the moving purpose being to set aside deeds charged to have been made through the fraud of Estelle Peper Bushman Barlow and for the appointment of a receiver. The same counsel appear in that and in other cases, to which we will refer, as in the instant case. The issues, therefore, in the Bushman case, as in that at bar, were as nearly identical as two cases can well be. In that case we held that the petition to cancel the deeds and for the appointment of a receiver stated no cause of action for fraud in that it did not state the facts constituting the fraud and that such facts must be stated to constitute a cause of action therefor. The petition at bar in each of its counts, while more copious in its verbiage, is less definite in its allegations of fraud than in the Bushman case. We held in that case that there was not only no grounds for the appointment of a receiver but that fraud was not properly pleaded; and if so pleaded, it was shown not to have any foundation; in fact this conclusion is authorized on the ground that there was an utter failure to prove the mental incapacity of Caroline J. Peper and that the execution of the deeds in controversy by her to respondent was not brought about through the fraudulent undue influence of Estelle Peper Bushman Barlow.

This court held in discussing the merits of the Bushman case, so far as it became necessary in determining the matters there at issue, that the plaintiffs had no cause of action. This terminated the unauthorized and wasteful receivership which had hung like a pall over this estate. It would seem, in reason and with a wholesome regard for the finality of judicial decisions, that the rulings in the Bushman case should have been sufficient to establish the integrity of the deeds in question and the rights of the respondent to the property described therein.

As further confirmatory of the correctness of this conclusion it was shown in a proceeding originally brought by the plaintiff, Christian Peper Bushman, against the respondent, to contest the will of their mother, Caroline J. Peper, 316 Mo. 916, 292 S. W. 1039, that during the years of the intimate social and business relationship between the respondent and her mother, which covered a period extending from the girlhood of the former to the making of the mother's will, July 14, 1919, that there was no evidence worthy of credence to sustain the charge of mental incapacity on the part of the mother or undue influence attempted to be exercised over the latter by the respondent. This period of time includes the dates on which the deeds in controversy in the instant case were executed. It would seem, aside from the resultant depletion of this estate by reason of the futile lawsuits to which it has been subjected, that the trite but none the less true maxim should apply, that, in the interest of the public there should be an end to this controversy so far as concerns the control and management of the property belonging to this estate.

To that end and in view of the fact that this proceeding has no merit, the judgment of the trial court is affirmed. All concur, except *Blair, J.,* who concurs in the result, and *Frank, J.,* not sitting.