HENRY J. KAMMEYER ET AL., Appellants, v. CITY OF CONCORDIA, MISSOURI, a Municipal Corporation, et al.—No. 38746.—179 S. W. (2d) 76.

Division One, April 3, 1944.

*Raymond E. Martin* and *W. Raleigh Gough* for appellants.

744

*Francis G. Hale, Horace F. Blackwell* and *Ike Skelton* for respondents; *Blackwell & Sherman* and *Lawson & Hale* of counsel.

GANTT, J.—Action·for judgment ruling void tax bills issued by the City of Concordia to pay for the construction of a sewer. The five plaintiffs sue for themselves and others similarly situated. Three of them (Kammeyer, Elevator Co. and Heitmeyer) have not paid the tax bills. Two of them (Lindemann and Hartwig) have paid the tax bills. Plaintiffs dismissed as to defendants Dickey Clay Mfg. Co. and the Commercial Bank of Lexington, Mo. The other defendants are the City of Concordia, Walkenhorst, City Clerk, Herbert F. Duensing, Mayor, and George Duensing, Jr., brother of the·mayor.

The W. P. A. furnished all labor and certain material for the construction of the sewer. The city furnished other material. It awarded to George Duensing, Jr., the contract to furnish said material.

In substance the amended petition alleged that the Duensings and others; unknown to plaintiffs, entered into a conspiracy to defraud the property owners affected by the construction of the sewer. It also alleged that said persons committed thirty-two fraudulent acts in carrying out the conspiracy. It prayed for a declaratory judgment ruling that the tax bills are void and for such other declaratory relief as may be proper.

Defendants' demurrer to the petition was sustained. On plaintiffs' refusal to further plead, the court dismissed the petition. Plaintiffs appealed. The amount involved ▇ gives this court appellate jurisdiction.

The prayer of the petition proceeds on the theory that the action is under the declaratory judgment act. The prayer is not controlling. The facts alleged in the petition classify the action. Under said facts the action is in equity to cancel tax bills. The prayer

for a ruling that the tax bills are void does not limit the authority of the chancellor, who could and no doubt would, if he ruled the bills void, give full relief by cancellation.

Of course, payment cancels a tax bill. If cancelled, the bill no longer exists. Absent the bill, there is nothing to hold void and cancel. It follows that the plaintiffs Lindemann and Hartwig, having paid the tax bills against their property, are without interest in the particular controversy. If so, it must be ruled that the demurrer was well taken as to said plaintiffs. The other plaintiffs may maintain a class suit for cancellation of the unpaid tax bills. [Ruckels et al. v. Pryor et al., 351 Mo. 819, 174 S. W. 2d 185.]

The judgment is reversed and the cause remanded with directions to sustain the demurrer as to the plaintiffs Lindemann and Hartwig, and overrule the demurrer as to the other plaintiffs. All concur.