LOUISE McGREW MOFFETT and LOUISE McGREW MOFFETT as Executrix of the Estate of THOMAS S. MOFFETT, Deceased, Appellants, v. COMMERCE TRUST COMPANY, a Corporation, HELEN WEEDE, B. C. HOWARD, and WILLIAM H. KOPP.—No. 39509.—193 S. W. (2d) 588.

Division One, February 11, 1946.

Rehearing Denied, April 8, 1946.

*A. E. Watson* and *Martin J. O'Donnell* for appellants.

1100

1104

*Harding, Murphy & Tucker* and *Walter A. Raymond* for respondent Helen Weede.

1106

1108

1110

1112

1114

1116

*James E. Goodrich, Hugh M. Hiller* and *Eugene E. Bowers* for respondent Commerce Trust Company.

1118

1122

1124

*Wm. Dennis Bush* for respondent B. C. Howard.

*Glen A. Wisdom* for respondent William H. Kopp.

CLARK, J.—On December 30, 1944, Judge Ridge, Presiding Judge and Judge of Division Six of the Circuit Court of Jackson County, sustained separate demurrers filed by the various defendants to plaintiffs' fifth amended petition on the ground of misjoinder of

parties plaintiff and, finding that a third petition of plaintiffs' had been found insufficient on said ground, dismissed the petition and rendered judgment against plaintiffs for treble costs under Section 948, Revised Statutes Missouri 1939. [Mo. R. S. A.] From that judgment plaintiffs have appealed.

The original petition with Louise McGrew Moffett as sole plaintiff was filed August 22, 1941. Afterwards the first amended petition was filed adding Mrs. Moffett, as executrix of the estate of Thomas S. Moffett, as a plaintiff, and adding two new defendants.

To the first amended petition respondent Kopp filed a demurrer on the ground that no cause of action was stated against him. The other respondents attacked the petition by separate motions. All these were overruled by Judge Buzard, then presiding judge. Afterwards respondents filed separate demurrers to this petition and they were sustained by Judge Terte, then presiding judge. Appellants filed a second and later a third amended petition. Judge Wright, then presiding judge, sustained separate demurrers to this petition. Successively appellants filed fourth and fifth amended petitions, demurrers to the latter being sustained by Judge Ridge as stated at the outset of this opinion.

The fifth amended petition, with attached exhibits, occupies two hundred pages of the printed record. The briefs are numerous and lengthy, aggregating thirteen hundred and fifty pages, citing and quoting from hundreds of decisions, many of which, we think, have no relevancy to any issue here involved. Appellants claim error under twenty-two numbered assignments, some being mainly a repetition of others. We have considered all of these assignments, but see no useful purpose in discussing each one separately.

Appellants contend: that the reason assigned by Judge Ridge for sustaining the demurrers, misjoinder of parties plaintiff, was not authorized by Section 922, Revised Statutes Missouri 1939; [Mo. R. S. A.] that he had no jurisdiction to pass on the demurrers without at least two days' notice to appellants under court rules; that he was precluded from passing on the demurrers because of previous rulings of Judge Buzard; that the alleged demurrers were really speaking demurrers, motions or answers; that it was proper to join appellants [as an individual and as executrix] as plaintiffs, and that this court so held in In Re Moffett Bros. Partnership, 345 Mo. 741, 137 S. W. (2d) 507; that the ruling of Judge Wright in sustaining demurrers to the third amended petition was void because induced by false statements in respondents' briefs; that Section 948, supra, purporting to require dismissal and award of treble costs after three petitions have been held invalid, is unconstitutional.

Appellants are in error in construing the new Civil Code [Mo. Laws, 1943, pp. 353, 397] as declaring what the law was at the date of its passage. They reach this result by emphasizing the word "is"

1126

in the sentence "misjoinder of parties *is* not a ground of demurrer to an action," but they overlook further provisions of the Code [Sec. 3] to wit: "This Code will take effect on *January 1, 1945*. It governs all proceedings in actions brought *after* it takes effect and also *further* proceedings in all actions then pending, except . . ." [Emphasis ours.] Section 922, although now repealed, was in force on December 30, 1944, the date Judge Ridge ruled on the demurrers. The section does not in terms list "misjoinder of parties" as a ground of demurrer, but does, among other grounds, list "defect of parties plaintiff or defendant," and failure to "state facts sufficient to constitute a cause of action." Appellants say that as we copied the section from a law of New York we also adopted the construction placed upon it by the courts of that state, and cite some New York cases holding that misjoinder of parties is not a ground of demurrer. Appellants also cite Fadler v. Gabbert, 333 Mo. 851, 63 S. W. (2d) 121, and Kammeyer v. City of Concordia, 352 Mo. 742, 179 S. W. (2d) 76. In the Kammeyer case we held that a demurrer was properly sustained as to unnecessary plaintiffs, but that this did not authorize a dismissal as to the remaining plaintiffs. In the Fadler case we recognized the distinction between "defect of parties" and "misjoinder of parties," but said that "misjoinder of parties," although not listed in the statute, is a ground of demurrer because in that situation the petition does not state a cause of action. [See also Hallen v. Smith, 305 Mo. 157, 264 S. W. 665; State v. Trimble (Mo.), 262 S. W. 357.]

 We will briefly set forth the general nature of the petition, but deem it unnecessary to make a complete summary. It alleges: that appellant's husband died testate, a resident of Missouri, and she is executrix and sole devisee; that he was a partner in several firms having a common office in Kansas City, Missouri, and owning property and doing business in various states; it purports to trace the administration of these partnerships through the courts of Missouri and Kansas; alleges that respondents have unlawfully appropriated much of the assets of the various partnerships by means of false book entries, perjured testimony, fictitious suits and in other ways; it recounts suits in various courts, one brought by Mr. Moffett in his lifetime and others after his death; says that judgments rendered in these cases are void because of perjured testimony at the trials or lack of jurisdiction because of void statutes; alleges that respondents have damaged appellant by libeling her and discrediting her attorneys. The petition says that the property of which she has been deprived is the fruit of the industry of herself and husband, but does not allege that she contributed any of her separate means either in money, property or the value of her labor. In another place [paragraph 9] appellant seems to claim sole ownership by virtue of her husband's will.

Appellants cite many cases decided by the courts of this and other states, but we feel confident that no case cited or that can be cited ap-

proves a petition such as the instant one. We concede that in some circumstances an executor and a devisee may join as plaintiffs. We also adhere to our previous ruling in the Kammeyer case, supra. But here we have a different situation. The petition attempts to state a joint cause of action in favor of Mrs. Moffett as an individual and in her favor as executrix of her deceased husband's estate. It does not seek to recover specific property belonging either to her or to the estate, but prays recovery on account of alleged wrongful acts which it is alleged resulted in damages to her and the estate jointly. True, the petition alleges "that said property of which plaintiff was so deprived is, and was, a part of the gains of the industry of plaintiff and her late husband." That is hardly sufficient to allege joint ownership, but even if it be so construed there are other allegations which show that the damages claimed could not possibly accrue to Mrs. Moffett and the estate jointly. The petition seeks to recover damages for alleged wrongful acts pursuant to a conspiracy said to have been entered into prior to the death of Mrs. Moffett's husband and continued after his death. Some of the acts complained of are alleged to have been performed long after Mr. Moffett's death and after the institution of the suit. Among other things it is alleged that some of the respondents, in briefs filed in the case, "published of and concerning plaintiff in both capacities the following false, malicious, scandalous, defamatory, unprivileged and libelous statements . . ." Then in the prayer it is stated "that her reputation for integrity has been injured by said libelous and defamatory statements and by said wrongful acts . . . resulting in actual damage to plaintiff in the sum of $1,000,000.00." The prayer also is for punitive damages in the sum of $1,500,000.00.

Although it is alleged that libel was directed at Mrs. Moffett "in both capacities," it is clear that any damages recovered on account of this allegation could only accrue to her as an individual, and the executor, devisees or creditors of the estate would have no interest in such recovery. These allegations and many others show that no joint cause of action is stated. Such defect appearing on the face of the petition, under the old code, could be reached by demurrer. The defect is more than a mere inclusion of an unnecessary plaintiff, as in the Kammeyer case, supra. In the instant case the demurrers reached the entire petition for the trial court had no authority to sort out the allegations, if any, which constitute a cause of action in favor of Mrs. Moffett in one capacity and sustain the demurrers only as to allegations relating to her in the other capacity. The petition fails to state a joint cause of action and it was unnecessary for the trial court and is unnecessary for this court to determine whether a cause of action is stated in favor of Mrs. Moffett in either capacity. [Rockwood v. Crown Laundry Co., 352 Mo. 561, 178 S. W. (2d) 440, l. c. 443; Doerr-Engel v. Tide Water Oil Co., 342 Mo. 1141, 119 S. W. (2d) 402; Niederberg v. Golluber (Mo.), 162 S. W. (2d) 592, l. c. 599.] Judge Ridge sustained

the demurrers on the sole ground of misjoinder of parties, but the demurrers also attacked the petition for misjoinder of alleged causes of action and for failure to state a cause of action. We think the reason assigned by the trial court is sufficient, but his ruling can be sustained on the other grounds mentioned. [Hartvedt v. Harpst (Mo.), 173 S. W. (2d) 65, l. c. 68; Bushman v. Barlow, 321 Mo. 1052, 15 S. W. (2d) 329, 330.]

The circuit court of Jackson County is a multiple judge court. Its rules provide that the court en banc shall from time to time select one of the judges as Presiding or Assignment judge, whose duty it is to pass upon motions and demurrers, make up the issues and assign cases to the different divisions, including his own division. Two days' notice is necessary to call up a demurrer unless waived or a different time be fixed by the Presiding Judge. The demurrers to the fifth amended petition were filed on or before December 6, 1944. Then appellants filed a reply on the theory that the demurrers were really answers, which reply was after a hearing stricken out on respondents' motions. Then on December 30, 1944, with all parties present by counsel, the demurrers were presented to Judge Ridge. Appellants, by leave of court, withdrew paragraph 45 of their fifth amended petition, and respondents refiled their demurrers. Appellants requested at least two days' delay on the ground that the demurrers had just been filed. The court, in the exercise of proper discretion, denied this request. [Kuh v. Garvin, 125 Mo. 547, 28 S. W. 847, l. c. 851.] The withdrawal of paragraph 45, which related to a suit brought by respondent Kopp against Mrs. Moffett, in no way affected the point made in the demurrers as to misjoinder of parties plaintiff or failure to state a cause of action. We see no violation of the rules.

Appellants say that Judge Ridge was without jurisdiction to dismiss the petition without determining that the previous demurrers had been properly sustained. The correctness of the rulings on former petitions was not before Judge Ridge and, although previous petitions are printed in the abstract, the question is not before us. By pleading over appellants waived the error, if there was such. [Voorhees v. Louisiana Purchase Co., 243 Mo. 418, 147 S. W. 783; Tobin v. Telephone Co. (Mo.), 199 S. W. 952; Buder v. Reller (Mo.), 190 S. W. (2d) 213.] Appellants' claim that Judge Ridge was under duty to reconsider the rulings of the former presiding judges is inconsistent with the claim that Judge Buzard's ruling is res judicata.

Appellants contend that Judge Ridge's ruling on the demurrers was invalid because constituting collateral attacks on Judge Buzard's former rulings; further, that the demurrers to the fifth amended petition were in truth motions, speaking demurrers or answers. We find no merit in these contentions. The pleadings ruled upon by Judge Buzard were motions to strike or to make more definite, except that respondent Kopp filed a separate demurrer on the grounds that

the petition showed that he was not a necessary party and stated no cause of action against him. Later when demurrers to amended petitions were regularly presented successively to Judges Terte, Wright and Ridge as assignment judges, each was under a duty to rule the law as he saw it regardless of the view that Judge Buzard may have had when passing on the previous motions. There was no collateral attack. The rulings were by the same court, although by different judges, on different petitions and at different stages of the case. [State ex rel. v. Landon, 304 Mo. 654, 265 S. W. 529, 532; Kinsella v. Kinsella, 353 Mo. 661, 183 S. W. (2d) 905, 908.] The pleadings ruled upon by Judge Ridge were demurrers, nothing more. They may have contained repetition and surplusage, but the complaint as to defect of parties and failure to state a cause of action were clearly stated. Such could be determined from the face of the petition.

In Re Moffett Bros. Partnership Estate, 345 Mo. 741, 137 S. W. (2d) 507, grew out of an attorney fee allowed B. C. Howard for representing Commerce Trust Company as administrator of the partnership estate, Mrs. Moffett, individually and as executor of her husband's estate, resisted the allowance in the probate, circuit and supreme courts. No point was presented or decided as to Mrs. Moffett's right to appear in both capacities. The only point decided was that Howard was not entitled to an additional fee. [345 Mo. l. c. 745.] Some of the respondents in the instant case were not parties to that suit. Certainly the decision in that case is not res judicata as to the sufficiency of the petition in the instant case. Appellants say that Judge Wright was induced to sustain demurrers to the third amended petition by false statements in briefs filed with him by some of the respondents; that, therefore, his ruling was void and could not be counted by Judge Ridge in holding three petitions had been held invalid. The question is not before us. If it was we would be concerned only with the *correctness* of Judge Wright's rulings, not his *motives*. For many reasons there is no merit in this contention; a sufficient reason is that appellants, by pleading over, waived the right to question Judge Wright's ruling.

Appellants say that Section 948, supra, violates article 1, section 10, of the Federal Constitution, which prohibits a state from passing a bill of attainder. No authority is cited which remotely sustains this contention. This statute, until the effective date of our new Code, was in force for one hundred and twenty years. It has frequently been construed by this and other courts and, so far as we know, its constitutionality has never been assailed before. It does not resemble a "bill of attainder" or of "pains and penalties." [See 16 C. J. S., p. 902, sec. 452.] It applies only to civil procedure, inflicts no penalty without a hearing, authorizes neither fine nor imprisonment, but only a money judgment for unreasonably consuming the time of courts and litigants and causing needless expense

by filing defective petitions. Its constitutionality is presumed and appellants have offered nothing to rebut the presumption.

Nor does the failure of the section to specifically provide to whom the penalty shall be paid render it invalid. We think the trial court correctly interpreted the statute in rendering judgment for treble costs in favor of respondents.

Appellants make many other assignments of error; assailing the constitutionality of Missouri statutes relating to partnership estates, and the probate laws of both Missouri and Kansas; ask us to declare void certain decisions of the Supreme Court of Kansas; invoke the treaty between this country and France in 1803 and the "due process" and other provisions of the State and Federal Constitutions. Most if not all these questions have been decided adversely to appellants by courts of competent jurisdiction in suits brought by appellants or in which they actively participated as defendants. [Moffett v. Moffett, 131 Kan. 582, 292 P. 947; Clark v. Andrews, 136 Kan. 23, 13 P. (2d) 294; Clark v. Moffett, 136 Kan. 711, 18 P. (2d) 555, 290 U. S. 602; Moffett v. Robbins, 14 Fed. Supp. 602; Moffett v. Robbins, 81 Fed. (2d) 431, 298 U. S. 675.] Appellants have not been denied due process. They have not only had their day in court, but their months and years. None of these assignments is germane to the question of whether the fifth amended petition contains a misjoinder of parties plaintiffs or fails to state a joint cause of action.

We hold that the judgment is correct in form and in accordance with law and it is therefore affirmed. All concur.